ELIJAH FOX *vs.* BOSTON AND MAINE RAILROAD COMPANY.

Essex.      November 8, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Common Carrier — Special Agreement — Connecting Line — Damages — Proximate Cause.*

A consignor made a special agreement with a railroad company, with reference to the mildness of the weather and for the purpose of avoiding the danger of freezing, for the delivery of apples to a connecting line at a certain time for forwarding to their destination. The apples, by reason of the carrier's negligent delay in such delivery, were frozen upon such connecting line. *Held,* that the consignor might recover from the carrier for his loss by the freezing of the apples.

CONTRACT to recover damages for the loss of a car-load of apples, with a count in tort alleged to be for the same cause of action. At the trial in the Superior Court, before *Blodgett*, J., a verdict was returned for the defendant, and the plaintiff alleged exceptions to a ruling of the presiding judge, which ruling, together with the material facts, appears in the opinion.

*B. B. Jones*, for the plaintiff.

*W. H. Moody*, for the defendant.

MORTON, C. J.   The plaintiff offered to prove that on February 22, 1881, he made a special contract with the defendant, by the terms of which it was to transport a car-load of apples from Haverhill to Portland, and deliver it to the Maine Central Railroad, a connecting railroad, in time to be transported by the latter corporation to Bangor by a freight train which left Portland early in the morning of February 23 ; that the weather was mild on the 22d and 23d days of February, and that " the agreement with the defendant was made with reference to the mildness of the weather, and the importance of having the apples delivered to the Maine Central Railroad at the agreed time"; that the defendant negligently delayed to deliver the apples at the time agreed, and by reason of this negligence they " were caught in cold weather in course of transportation from Portland to Bangor, arriving at the latter place in a frozen condition." The presiding judge ruled that, " if the market value of the apples when they reached Portland was only diminished in the respect that a liability of being frozen during the course of the transportation by the Maine Central Railroad was incurred or increased by reason of the negligent delay of the defendant in the transportation from Haverhill to Portland, the plaintiff cannot recover in this action for that diminution in market value." If we understand this ruling, its effect was to restrict the plaintiff's right to recover to the diminution in the market value of the apples at Portland caused by the delay, and to prevent his recovering anything for the damage to the apples by freezing in the transportation from Portland to Bangor.

The general rule is, that where goods are delivered in the usual way to a carrier for transportation, and there is a negligent delay in delivering them, the measure of damage is the diminution in the market value of the goods between the time when they ought to have been delivered and the time when they were in fact delivered. *Ingledew* v. *Northern Railroad*, 7 Gray, 86. *Cutting* v. *Grand Trunk Railway*, 13 Allen, 381. *Scott* v. *Boston & New Orleans Steamship Co.* 106 Mass. 468. *Harvey* v. *Connecticut & Passumpsic Rivers Railroad*, 124 Mass. 421.

These cases are put upon the ground that the duty of the carrier is the measure of his liability ; that his duty is to carry the goods to the end of his line, and that any future risks to which the goods may be exposed are not within the contemplation of the parties or the scope of their contract. But we think a different rule prevails where the parties make a special contract, which provides for certain risks to which the goods are exposed on the connecting line.

Thus, in the case before us, the parties made a special contract, by which the defendant agreed to deliver the apples to the Maine Central Railroad by a fixed time, so that they would arrive in Bangor in the afternoon of February 23. Both parties knew that the apples were not to be sold in Portland, but were to be forwarded to Bangor, and the special contract was made for the purpose of avoiding the danger of the apples freezing on the connecting line. This risk was anticipated, and contemplated by the parties, and if the danger which it was intended to provide against was incurred by reason of the negligent failure of the defendant to perform its contract, it ought to be responsible in damages. The damages are not too remote. If the freezing had occurred on the defendant's line, it cannot be doubted that the law would regard the delay as the proximate cause of the damage ; it is none the less so, because it happened on a connecting line. The damage was not caused by any extraordinary event subsequently occurring, but was caused by an event which was, according to the common experience, naturally and reasonably to be expected, a change of temperature.

The case is thus distinguished from the cases of *Denny* v. *New York Central Railroad*, 13 Gray, 481, and *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. In each of these cases, the loss to the plaintiff was caused by an extraordinary event, a fire and a freshet ; and the court held that the defendants, although guilty of negligent delay, were not responsible, because the event was not one which would reasonably be anticipated. In the case at bar, the event which caused the loss was contemplated by the parties when they made their contract as a probable consequence of the breach of it.

The case before us is distinguishable from *Ingledew* v. *Northern Railroad*, 7 Gray, 86. In that case the opinion is based

upon the ground, that it did not appear that " the defendants assumed any duty in relation to the delivery of the boxes to another carrier," or that they " were charged with any duty in forwarding the ink to Keene, or that the officers of the defendant corporation knew of its destination beyond their own line." The facts of the two cases are different, and for the reasons above stated we are of opinion that different rules of damages are to be applied in them, and that in the case at bar, upon the facts which he offered to prove, the plaintiff is entitled to recover the damage which he sustained by reason of the freezing of the apples between Portland and Bangor.

*Exceptions sustained.*