George J. Bell and Others, Partners Composing the Partnership of George T. Bell Company, Appellants, v. The New York Central Railroad Company, Respondent.

First Department, May 2, 1919.

Carriers — provisions of bill of lading, promulgated pursuant to first Cummins Amendment to Interstate Commerce Act, construed — notice of claim against carrier for damages — limitation of action.

Under a bill of lading, promulgated pursuant to the provisions of the first Cummins Amendment to the Interstate Commerce Act approved March 4, 1915, providing that " except in case where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; " that " suits for recovery of claims for loss or damage, notice of which is not required, and which are not made in writing to the carrier within four months as above specified, shall be instituted only within two years after delivery of the property, or, in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed," and that " no claims not in suit will be paid after the lapse of two years as above, unless made in writing to the carrier within four months as above specified," notice of claim in non-transit cases must be filed with the carrier within four months as specified, which is a condition precedent to recovery, and in such cases where the notice of claim is filed the short Statute of Limitations does not apply, but in all transit loss cases suit must be instituted within two years.

There is a differentiation made in the Cummins Amendment between " notice of claims " and " filing of claims." The former, which may be more or less informal, must be given within ninety days; the latter, which is to be formal and precise, is not required within a shorter period than four months.

Appeal by the plaintiffs, George J. Bell and others, from an order and determination of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of December, 1918, affirming an order of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District.

*Ray Rood Allen* of counsel [*Burlingham, Veeder, Masten & Fearey,* attorneys], for the appellants.

*Jacob Aronson* of counsel [*Alex. S. Lyman,* attorney], for the respondent.

SHEARN, J.:

Appeal from a determination of the Appellate Term, affirming by a divided vote an order of the Municipal Court denying plaintiffs' motion to strike out the affirmative defense as insufficient in law on the face thereof.

This suit is brought to recover $286.20 damages to a shipment of pears consigned from Rochester, N. Y., to Scranton, Penn., over the line of the defendant's railroad, as initial carrier. The pears were unreasonably delayed in transit, the car was not properly placed for delivery, and several of the barrels and baskets containing the pears were broken open and the contents crushed and bruised.

The defense is that the suit was barred because not brought within two years. This defense is based upon the allegation that section 3 of the bill of lading had been amended by a supplement to the official classification, so that the section, as amended, read: " Except in cases where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Suits for recovery of claims for loss or damage, notice of which is not required, and which are not made in writing to the carrier within four months as above specified, shall be instituted only within two years after delivery of the property, or, in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed. No claims not in suit will be paid after the lapse of two years as above, unless made in writing to the carrier within four months as above specified."

This bill of lading provision was promulgated pursuant to the provision of the first Cummins Amendment to the Inter-

state Commerce Act, which was approved March 4, 1915, to take effect ninety days thereafter, the pertinent clause of which reads as follows: " *Provided further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." (See 38 U. S. Stat. at Large, 1196, 1197, chap. 176, amdg. 24 id. 386, § 20, as amd. by 34 id. 593, 595, § 7.)

It will be noted that both the Cummins Amendment and the bill of lading provision make a double classification of claims, to wit, (1) those for loss due to delay or damage while being loaded or unloaded, or damaged in transit, which we will call transit claims; and (2) those for loss otherwise sustained, which we will call non-transit claims. The Cummins Amendment permitted the carrier to require as a condition precedent to recovery the filing of a non-transit claim within four months, and in such cases to require suit to be instituted within two years. In the case of transit claims it forbade the carrier to require the filing of a claim as a condition precedent to recovery but authorized a requirement that suit be instituted within two years.

In the bill of lading provision adopted under the authority of the amendment, we find first the requirement for the filing of a claim in non-transit cases within four months, which is a condition precedent to recovery. No provision whatever is made limiting the time within which suit may be instituted in the case of non-transit losses where claims are filed. The next sentence has for its purpose the fixing of a two-year limitation for the institution of suit in transit cases, and prescribes the period as two years. It reads: " Suits for recovery of claims for loss or damage, notice of which is not required, and which are not made in writing to the carrier within four months as above specified, shall be instituted only within two years," etc. It is obvious that the claim in

suit is within the class which we have called for brevity the transit cases, and that, therefore, it is one for a loss of which notice is not required and for which a claim does not have to be filed in writing. Indeed, in such a case a requirement for either notice of loss or filing a written claim would be illegal under the Cummins Amendment. The controversy hinges upon what force is to be given and what meaning ascribed to the conjunctive clause "and which are not made in writing to the carrier within four months as above specified." It is contended by the appellants that, taking the provision as a whole, this clause should be construed to mean that to bar a claim two conditions must occur, namely, (1) that notice is not required; and (2) that notice is not given; in other words, that where notice is given, the two-year limitation does not apply, and that as the plea of limitations does not allege that the notice was not given the defense is insufficient. It is argued with some force that there is no apparent reason why there should be a two-year limitation in the case of suits for transit losses, where notice has been given, and a six-year limitation in cases of non-transit losses where notice has been given. This argument is an aid to interpretation, but is not controlling if the plain sense of the words employed is to the contrary. It is contended that if the provision means that in all cases of transit loss, suit must be begun within two years, the words "and which are not made in writing to the carrier within four months as above specified" are superfluous, as all such cases would be embraced within the clause "notice of which is not required." It is then plausibly argued that we must give some force to the words "and which are not made in writing," etc., and that the only meaning to be ascribed is, the conjunctive "and" being used, that the limitation does not apply in the case of a transit loss claim for which is made in writing within four months. Such, I think, would be the fair interpretation, considering the bungling wording of the whole provision and the fact that it was drawn by the carrier and is being used in derogation of plaintiffs' rights, but for the language of the Cummins Amendment. Counsel have failed to note the differentiation in the Cummins Amendment made between "notice of claims" and "filing of claims." The former, which may be more or less informal, must

be given within a period not shorter than ninety days; the latter, which has to be formal and precise, is not required within a shorter period than four months. In drawing this provision in the bill of lading beginning " Suits for recovery of claims for loss or damage, notice of which is not required, and which are not made in writing," etc., the draftsman was clearly endeavoring to prescribe a limitation for the institution of suits in transit loss cases. Instead of referring to them in the language previously employed, and making the provision read: " Suits for recovery of claims for loss or damage due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, shall be instituted only within two years," etc., the draftsman attempted to cover all such cases by a description. Turning to the Cummins Amendment, it was obviously noted that in transit loss cases neither " notice of claim " nor " filing of claim " is required, so the clause was made to read: " Suits for recovery of claims for loss or damage, notice of which is not required, and which are not made in writing to the carrier," etc. The words " notice of which is not required " refer to the " notice of claim " to be *given* within not less than ninety days. The words " and which are not made in writing " refer to " *filing* of claim," which must be done within not less than four months. Thus suits for loss or damage, of which notice of claim and filing of claim are not required, refer to and solely embrace transit loss cases. The meaning of the provision in the bill of lading, therefore, is this: in non-transit cases, notice of claim must be filed with the carrier within four months, as specified, which is a condition precedent to recovery. In such cases, where the notice of claim is filed, the short Statute of Limitations does not apply. In all other cases, namely, transit loss cases, suit must be instituted within two years.

The determination of the Appellate Term should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Determination affirmed, with ten dollars costs and disbursements.