## GAMBLE-ROBINSON COMPANY v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

February 1, 1924.

No. 23,642.

**Cummings Amendment—insertion in bill of lading of requirement for notice of claim before suit forbidden, when.**

Where the wrongful delay in the interstate transportation of merchandise by a common carrier has resulted in loss to the shipper, due to a fall in the market price of the commodity, the Cummins Amendment of the Carmack Amendment to the Interstate Commerce Act of February 4, 1887, forbids the incorporation into the shipping contract of a provision for notice to and filing of claim with the carrier as a condition precedent to recovery of damages by action.

Action in the municipal court of Minneapolis to recover $180 for delay in transportation of a carload of sugar. From an order, Nordbye, J., sustaining plaintiff's demurrer to part of defendant's answer, defendant appealed. Affirmed.

*O'Brien, Horn & Stringer,* for appellant.

*Walter U. Hauser,* for respondent.

HOLT, J.

In this action to recover for loss on a carload of sugar because of a drop in the market price while the shipment was wrongfully delayed in transit, the answer alleged as a defense that no written notice of loss was given as provided in the bill of lading. A demurrer to this defense was sustained. Defendant appeals.

This was an interstate shipment, for which a bill of lading in the standard form prescribed by the Interstate Commerce Commission was issued. The pertinent parts thereof read:

"Claims must be made in writing to the originating or delivering carrier within six months after delivery of the property * * *: Provided that if the loss, damage or injury was due to delay or

[1]Reported in 196 N. W. 938.

damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claims shall be required as a condition to recovery * * *, Where claims for loss, damage or delay are not filed * * * in accordance with the foregoing provisions, the carrier will not be liable and such claims will not be paid."

The bill of lading was no doubt intended to conform to the provisions of the Interstate Commerce Act of Congress of February 4, 1887, as amended by the act of March 4, 1915, the so-called Cummins Amendment to the Carmack Amendment (Comp. St. 1916, § 8604a). The law as so amended provides that the carrier receiving the property shall issue a bill of lading and shall be liable to the holder thereof "for any loss, damage, or injury to such property * * * and no contract, receipt, rule, regulation or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier * * * shall be liable * * * notwithstanding any limitation of liability * * *; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void: * * * Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days, and for the filing of claims for a shorter period than four months * * *: Provided, however, That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The last proviso quoted came by the Cummins Amendment. Previous thereto the courts held stipulations in bills of lading for written notice of loss, as condition precedent to recovery of damages, applied only to loss, damage or injury to the shipment itself, and not to a loss sustained by the owner because of drop in the market price of the shipment during the time its transportation was

wrongfully delayed. The latter was considered special damages, not requiring notice in order for the carrier to protect itself against unfounded and unfair claims, 10 C. J. p. 334, § 486. It is, however, apparent that many of the cases cited to sustain the text are really predicated upon the wording of the condition in the bill of lading, construed to call for notice only in case the delay depreciated the physical condition of the shipment. These, however, are in point: Cornelius v. Atchison, T. & S. F. Ry. Co. 74 Kan. 599, 87 Pac. 751; Jett & Brooks v. Southern Ry. Co. 130 Tenn. 237, 169 N. W. 767. Such damages are the only ones here sought, there being no claim that the delay caused any deterioration in the shipment.

The Cummins Amendment may be open to different constructions. The Federal Supreme Court, the final authority, has not as yet given any construction on the point here involved, so far as we are advised. A decision by a Federal district court does not clarify the precise question before us, since there the proviso is construed so as to require no notice when the damages result from the carrier's negligence both in transit and in loading and unloading. Hailey v. Oregon Short Line Co. 253 Fed. 569. The decision in Lissberger v. Bush Terminal Ry. Co. 119 Misc. 691, 197 N. Y. Supp. 281, holds that where there is no delay in loading or unloading, but the delay is in the transit, notice is required under the Cummins Amendment. This seems at variance with Van Pelt v. Barrett, 205 App. Div. 332, 199 N. Y. Supp. 509, which approves Bell v. New York Cent. Ry. Co. 187 App. Div. 564, 175 N. Y. Supp. 712, holding a notice is not required where the damage is due to delay in transporting the goods. In McElwain v. Union Pac. R. Co. 101 Neb. 484, 163 N. W. 845, 1 A. L. R. 533, delay in the transportation of a shipment of stock resulted in loss because of a drop in the market. The holding was that notice was not required, but this was in part based on the wording of the bill of lading which called for notice in case of "damages for loss of, or injury to, any of said stock." Conover v. Wabash Ry. Co. 208 Ill. App. 105 holds: "No notice or claim in writing need be made by a shipper to the carrier as a condition precedent to the recovery for damage due to delay in transportation of an interstate shipment." That case, however, was for the

deterioration in the corn shipped due to a long delay. The decision was followed in E. B. Conover & Co. v. Baltimore & Ohio S. W. Ry. Co. 212 Ill. App. 29.

It seems to us that the loss, damage or injury complained of as due to delay within the meaning of the Cummins Amendment must include not only the loss or damage to the shipment itself but also to the owner because of a fall in the market, that is, to all the consequences which naturally flow from a wrongful or unreasonable delay whether such delay occurs in the loading or unloading or in the transit proper. If the delay is wrongful or unreasonable it must also be considered careless and negligent. It would also appear reasonable that this amendment, passed to abolish in the shipping contract the requirement of written notice and filing of claims as conditions precedent to a recovery of damages by the shipper for the carrier's delay and negligence causing injury, damage or depreciation in the shipment itself, was intended to include also loss or damage resulting from a fall in the market price; for in the former there is some reason for notice so that the carrier may investigate the condition of the shipment, but in the latter there is not, since market prices at any given time are readily ascertainable whenever desired by the carrier, and its records will always disclose the time consumed in the transportation. We conclude this is a case where the Cummins Amendment made notice of claim unnecessary to a recovery.

Order affirmed.

Mr. Justice Stone, of counsel in the court below, took no part.