## BARRETT, AS PRESIDENT OF THE ADAMS EXPRESS COMPANY *v.* VAN PELT

CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 160.   Argued January 6, 1925.—Decided April 13, 1925.

1. The first Cummins Amendment, to § 20 of the Act to Regulate Commerce, concerning the duty of carriers to issue receipts or bills of lading for interstate freight and their liability for loss or damage, provides: " That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." *Held* that the words " carelessness or negligence " qualify the whole clause; " damaged " should be read " damage ' and the comma after " unloaded " should be omitted.  P. 87.
2. Thus read, carelessness or negligence is an element of each case of loss, damage or injury included in the clause, and in such case carriers are not permitted to require notice or filing of claim as a condition precedent to recovery.  P. 91.
3. In an action against an express company for damages due to delay, the shipper, not having given notice and filed a claim, as required by the uniform express receipt, must prove the delay was due to the carrier's carelessness or negligence.  P. 91.

205 App. Div. 332, reversed.

CERTIORARI to a judgment of the New York Supreme Court, Appellate Division, affirming a judgment for damages based on delay of an express company in transporting and delivering a carload of eggs.

*Mr. K. E. Stockton,* with whom *Mr. Charles W. Stockton* was on the brief, for petitioner.

*Messrs. Selig Edelman* and *Ralph Merriam* for respondent.  *Messrs. Lamar Hardy* and *Louis C. White* were on the briefs.

*Messrs. H. S. Marx* and *A. M. Hartung* filed a brief as *amici curiae,* by special leave of Court.

Mr. JUSTICE BUTLER delivered the opinion of the Court.

February 23, 1918, at Louisville, Kentucky, respondent's assignor delivered to the Adams Express Company, a carload, consisting of 522 cases of fresh eggs, for transportation to New York City, there to be delivered to Harold L. Brown Company. The shipment was so delivered, March 4, 1918. This action was brought to recover damages for loss in market value due to delay in transportation. At the trial, respondent contended that the express company was bound to make delivery of the eggs within a reasonable time, which he claimed to be not more than 30 hours. It was shown that the price of eggs in New York declined between the time respondent claimed delivery to consignee should have been made and the time when it was made. The trial court directed a verdict in favor of respondent. A judgment was entered thereon. Petitioner appealed. It was affirmed by the Appellate Division. 205 App. Div. 332. Leave to appeal to the Court of Appeals of New York was denied. This court granted certiorari. 263 U. S. 697.

The case involves the construction of a provision of the Act of Congress of March 4, 1915, known as the first Cummins Amendment, c. 176, 38 Stat. 1196, 1197, amending § 20 of the Act to Regulate Commerce of February 4, 1887, c. 104, 24 Stat. 386, as amended by § 7 of the Act of June 29, 1906, c. 3591, 34 Stat. 593, 595. Chapter 176 requires any common carrier receiving property for transportation in interstate commerce to issue a receipt or bill of lading therefor, and makes it liable to the lawful holder thereof for any loss, damage or injury to such property, and contains certain provisos, the last two of which are: "*Provided further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation,

or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." At the time of the delivery of the property for transportation, the express company issued and delivered a receipt or bill of lading therefor, which contained the following: " Received from Ky. Creameries the shipment hereinafter listed, subject to the Classification and Tariffs in effect on the date hereof, which shipment the Company agrees to carry upon the terms and conditions of the Uniform Express Receipt in effect on date of shipment." Section 7 of the uniform receipt contains the following: " Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." (Official Express Classification No. 25, filed May 18, 1917 I. C. C. A–2130.)

No claim was made or filed within four months after the delivery of the property to the consignee. We are required to decide whether the case is one where notice or filing of claim may be required as a condition precedent to recovery. If the first clause of the above quoted pro-

vision stood alone, the rule established would be clear.
But the purpose of the second clause is to except some
cases from the application of the general rule and to pro-
vide that as to them no notice of claim nor filing of claim
shall be required.   The language and structure of the
second clause is so inapt and defective that it is difficult
to give it a construction that is wholly satisfactory.*   The
Appellate Division held that the requirement of the re-
ceipt for the filing of claims within four months after
delivery was prohibited by law, and was without force or
effect.   The court quoted from its opinion in Bell v. New
York Central Railroad, 187 App. Div. 564, 566: " It will
be noted that both the Cummins Amendment and the bill
of lading provision make a double classification of claims,
to wit, (1) those for loss due to delay or damage while
being loaded or unloaded, or damaged in transit, which
we will call transit claims; and (2) those for loss other-
wise sustained, which we will call nontransit claims.
The Cummins Amendment permitted the carrier to re-
quire as a condition precedent to recovery the filing of a
nontransit claim within four months, and in such cases
to require suit to be instituted within two years.   In the
case of transit claims it forbade the carrier to require the
filing of a claim as a condition precedent to recovery but
authorized a requirement that suit be instituted within
two years." Respondent supports this construction. But
we think it is not satisfactory.   The language does not
require such a classification.   The court suggests no rea-

---

* See *Hailey* v. *Oregon Short Line R. Co.*, 253 Fed. 569; *Gillette
Safety Razor Co.* v. *Davis*, 278 Fed. 864; *Conover* v. *Wabash Rail-
way*, 208 Ill. App. 105; *Conover* v. *Baltimore & Ohio Southwestern
R. Co.*, 212 Ill. App. 29; *Bell* v. *New York Central R. R.*, 187 App.
Div. 564; *Henningsen Produce Co.* v. *American Ry. Express*, 152
Minn. 209; *St. Sing* v. *Express Co.*, 183 N. C. 405; *Cunningham* v.
*Missouri Pacific R. Co.*, (Missouri) 219 S. W. 1003; *Lissberger* v.
*Bush Terminal R. Co.*, 197 N. Y. S. 281; *Allen* v. *Davis*, (South
Carolina), 118 S. E. 614.

son for such a division, and there seem to be no substantial considerations supporting it. Apparently, no effect is given the phrase, " by carelessness or negligence."

The petitioner contends that the word " delay " is to be read with " while being loaded or unloaded." This would make two classes of claims excepted from the general rule. One would include claims for loss due to delay or damage while being loaded or unloaded. The other would include those for damage in transit due to carelessness or negligence. But it is not apparent why claims for loss, damage or injury due to delay in transit should not be included in the same class as claims for damages due to delay while being loaded or unloaded. And no good reason is shown for the elimination of the element of carelessness or negligence from the definition of one class, while including it in the definition of the other.

It must be assumed that Congress intended to make the classification on a reasonable basis having regard to considerations deemed sufficient to justify exceptions to the rule. The element of carelessness or negligence is important. There are such differences between liability without frult and that resulting from negligence that Congress upon good reasons might permit carriers to require notice and filing of claim within the specified times where the carrier is without fault, and forbid such a requirement in the cases referred to where the loss results from the carrier's negligence. Notice and filing of claim warns the carrier that there may be need to make investigations which otherwise might not appear to be necessary; and if notice of claim is given and filing of claim is made within a reasonable time it serves to enable the carrier to take timely action to discover and preserve the evidence on which depends a determination of the merits of the demand. As to claims for damages not due to negligence, in the absence of notice, there may be no reason

for anticipating demand or to investigate to determine the fact or extent of liability. But as to damages resulting from carelessness or negligence, it reasonably may be thought that the carrier has such knowledge of the facts or has such reason to expect claim for compensation to be made against it that the carrier should not be permitted to exact such notice and filing of claim as a condition precedent to recovery. No other basis of classification seems as well supported in reason as the element of carelessness or negligence. And that basis is substantially sustained by the language of the clause. The elimination of the final " d " in " damaged " and the omission of the comma after " unloaded " would make the clause read as follows: " *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded or damage in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The context does not permit the use of the word " damaged " or allow any meaning to be given to it. Its presence makes a grammatical defect and embarrasses interpretation. It seems obvious that the word " damage " was intended. That word is in harmony with the context as well as with the probable intention of Congress. The final " d " may be eliminated. The intention of the law-maker constitutes the law. *Stewart* v. *Kahn*, 11 Wall. 493, 504. See *Smythe* v. *Fiske*, 23 Wall. 374, 380. Being satisfied of the legislative intention, the court will not be prevented from giving that intention effect by a too rigid adherence to the very word and letter of the statute. *Oates* v. *National Bank*, 100 U. S. 239, 244. Having found that the word " damage " was intended to be used, the court applies the rule that, "A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter,

and a thing which is within the letter of a statute, is not within the statute, unless it is within the intention of the makers." *People* v. *Utica Insurance Co.*, 15 Johns. 358, 381; *Hawaii* v. *Mankichi*, 190 U. S. 197, 212.

The comma after the word " unloaded " is not entitled to have any weight as evidence of the legislative intention as against the considerations supporting the extension of the qualifying effect of the words " by carelessness or negligence " to all claims referred to in the second clause. " Punctuation is a minor, and not a controlling, element in interpretation, and courts will disregard the punctuation of a statute, or re-punctuate it, if need be, to give effect to what otherwise appears to be its purpose and true meaning." *Chicago, M. & St. P. Ry.* v. *Voelker*, 129 Fed. 522, 527.

We hold that the second clause must be read as above indicated, that carelessness or negligence is an element in each case of loss, damage or injury included therein, and that, in such cases, carriers are not permitted to require notice of claim or filing of claim as a condition precedent to recovery. See *Hailey* v. *Oregon Short Line R. Co.*, 253 Fed. 569.

No notice of claim having been given and no claim having been filed as required by the uniform express receipt, it was incumbent upon the respondent to show loss, damage or injury due to delay by carelessness or negligence of the company. The carload of eggs was delivered to the company at Louisville, February 23, and was delivered by the company to the consignee at New York, March 4. It was shown that the car was taken out of Louisville, February 23, on a train of the Pennsylvania Railroad Company, and that it should have gone to Pittsburg without transfer. There was no other evidence in respect of the intended or actual movement of the car. There was evidence tending to show that the ordinary time of a passenger train on the Pennsylvania Railroad

between Louisville and New York was 25 or 26 hours. But there was no evidence that such shipments usually moved, or that this shipment could have moved, on any train making that time, or to show the time usually made by trains upon which such shipments were or could be moved. There was no evidence to show what was the customary or usual time for the transportation and delivery of such shipments. The trial judge held that such reasonable time was not more than 30 hours. We think the evidence was not sufficient to sustain that finding or to show what was a reasonable time for such transportation and delivery. It follows that there was nothing to give rise to any inference or presumption that failure to deliver at destination within 30 hours was due to negligence or to support a finding that there was any loss or damage due to delay caused by carelessness or negligence of the company. The evidence of market value of such eggs in New York City was as follows. February twenty-fifth, 53 cents per dozen; February twenty-sixth, 52 to 53 cents; March first, 36 cents; March second, 35.5 to 36 cents; March fourth, 36.5 cents. The eggs in question were sold March 4,—some for 35 cents, some for 35.5, and the rest for 36.5 per dozen. There was no evidence of market value at any other time. The court directed a verdict in favor of respondent for $3,396.26, the difference between the amount for which the eggs were sold March 4 and their value calculated at 53 cents per dozen, the price prevailing February 25, with interest. The date when the eggs should have been delivered to consignee and the market value at that time were essential to respondent's case. In the absence of either, the amount of the loss, if any, cannot be determined. The judgment given cannot be sustained.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*