# United States Metallic Packing Co. *v.* American Railway Express Co., Appellant.

*Common carriers—Loss in transit—Notice of claim—Cummins Amendment.*

Under the provisions of the Act of Congress of March 4, 1925— Cummins Amendment (38 Stat. 1196, 1197, c. 176), the carrier may require notice of claim or filing of claim as a condition precedent to recovery, for any loss, damage or injury to property received for transportation, unless the loss results from its neglegence and is due to delay in transporting the goods; or damage to the goods while being loaded or unloaded; or damage to the goods in transit.

Merely showing that goods received by a carrier for the purpose of transportation were not delivered at their point of destination, is not sufficient to bring the case within the proviso of the Cummins Amendment of 1915, dispensing with notice of claim.

In an action of trespass against a common carrier for the value of, and prepaid charges on, goods that were received by the carrier for the purpose of transportation, it appeared that the goods were not delivered at their point of destination; that the receipt given by the defendant to the plaintiff required written notice to be given to the defendant within four months after a reasonable time for delivery had elapsed, in case of failure to make delivery, and that the defendant received no written notice of plaintiff's claim until eleven months subsequent to the time when the shipment should have reached its destination.

Under such circumstances the plaintiff's failure to file its claim in accordance with the terms of the shipping receipt, bars its recovery.

Argued October 7, 1925. Appeal No. 240, October T., 1924, by defendant from judgment of C. P. No. 4 Philadelphia County, March T., 1921, No. 7078, on directed verdict for plaintiff in the case of The United States Metallic Packing Company, a Pennsylvania corporation, v. American Railway Express Company, a Delaware corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass against a common carrier to recover damages for loss of goods. Before AUDENREID, P. J.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict in favor of the plaintiff in the sum of $335.50, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*John Lewis Evans,* and with him *Rupert C. Schaeffer, Jr.,* and *Bromley, Evans, Schnader & Staples,* for appellant.—Plaintiff's cause of action was barred by the failure to make a claim in writing within four months after a reasonable time for delivery had elapsed, as was required by the contract of shipment: Southern Express Co. v. Caldwell, 21 Wall. 264; Adams Express Co. v. Croninger, 226 U. S. 491; Georgia F. & A. Ry. Co. v. Blish Milling Co. 241 U. S. 190; Concordia Silk Hosiery Co. v. Pa. R. R., 69 Pa. Superior Ct. 361; Hilbert v. Pa. R. R. 277 Pa. 105; Scattergood v. Mich. Central R. R. 69 Pa. Superior Ct. 367; Coroneos Bros. v. P. R. R., 75 Pa. Superior Ct. 222; Worthington v. Adams Express Co. 72 Pa. Superior Ct. 292; Barrett v. Van Pelt, 45 Supreme Court Reported, 437.

*E. S. Richardson,* and with him *Middleton & Blakeley,* for appellee.—Negligent loss in transit is established: Galveston, etc. Ry. Co. v. Wallace, 223 U. S. 481; Almar Tea Co. v. P. R. R. Co. 82 Pa. Superior Ct. 464.

Want of notice of claim is no bar to recovery for negligent loss in transit: Adams Express Co. v. Croninger, 226 U. S. 491; Hailey v. Oregon Short Line R. Co., 253 Federal 569; Gillette Safety Razor Co. v. Davis, 278 Federal 864; American Express Co. v. Farmington Shoe Mfg. Co., 299 Federal 86.

OPINION BY GAWTHROP, J., December 14, 1925:

This is a suit in trespass against an Express Company for the value of, and the prepaid charges on, two parcels that were received by the company for carriage from Philadelphia, Pa., to Norfolk, Va., but were not delivered. The affidavit of defense denied plaintiff's allegations as to the nature and value of the goods shipped and as to defendant's negligence, and averred that plaintiff had failed to give the notice of the loss of the goods which the contract of shipment required to be given as a condition precedent to defendant's liability. At the trial there was no dispute in the testimony. The evidence was to the effect that the parcels were received by defendant on May 6, 1919, and that they were never delivered at the place of destination. There was no evidence that they were ever loaded into a car. Nor was there evidence to explain the failure to deliver. It was agreed by the parties that fifteen days would have been a reasonable time for the delivery of the parcels to their destination, and that the value of the parcels plus the prepaid charges was $337.50. It appeared that defendant received no written notice of plaintiff's claim for loss before April 21, 1920, a date eleven months subsequent to the time when the shipment should have reached Norfolk. The trial court directed a verdict in favor of plaintiff and judgment was entered thereon. Hence this appeal.

Defendant concedes that from the above stated facts a presumption arose that the parcels were lost by reason of its negligence. Galveston Ry. Co. v. Wallace, 223 U. S. 481, settles that point. Its contention in the court below was, as it is here, that plaintiff failed to comply with the conditions on which, under its contract with defendant, its right to recover depended, in that it did not notify defendant

in writing of its loss until seven months after the period within which notice should have been given. The learned judge of the court below held that under clause seven of the express receipt written notice of loss was not necessary, if it was caused by the carrier's negligence.

The right of a common carrier in Interstate Commerce to require notice of claim as a condition precedent to recovery is regulated by the Act of Congress of March 4, 1915, known as the First Cummins Amendment (38 Stat. 1196, 1197, c. 176), amending section 20 of the Act to Regulate Commerce of February 4, 1887, c. 104, 24 Stat. 386, as amended by section 7 of the Act of June 29, 1906, c. 3591, 34 Stat. 593, 595 (Comp. St. par. 8604 a.). Chapter 176 requires any common carrier receiving property for transportation in Interstate Commerce to issue a receipt or bill of lading therefor, and makes it liable to the lawful holder thereof for any loss, damage or injury to such property, and contains certain provisos, two of which are:

> "Provided further that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The express receipt given by defendant to plaintiff in this case contained the following:

"Received from the U. S. Metallic Packing Company, subject to the classification and tariffs in effect on the date hereof * * * Which the company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and as evidence thereof accepts and signs this receipt."

Section seven of the receipt contains the following:

"Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage, 'or delay shall be instituted only within two years and one day after delivery of the property or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

We are required to decide whether the case is one in which the right of recovery may be made to depend upon the filing of claim as required by the express receipt. It will be noted that the wording of the exception in the express receipt is the same as the wording of the second proviso of the Cummins Amendment above quoted. The wording is:

Except where "the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence."

The provisions of the Cummins Amendment have been considered recently by the Federal Supreme Court in Barrett v. Van Pelt, 268 U. S. 85, and in Davis, Director General, v. John L. Roper Lumber Co., 000 U. S. 000 (See opinion filed November 16, 1925). It was pointed out in the Barrett case that the purpose of the second proviso is to except some cases from the application of the general rule declared by the first proviso and to provide that as to them no notice of claim nor filing of claim shall be required; that the language and structure of the second proviso is inapt and defective; that the word "damaged" should be read "damage;" and that the comma after "unloaded" should be eliminated. It was also held that carelessness or negligence is an element in each case of loss, damage or injury *included therein,* and that in such cases carriers are not permitted to require notice of claim or filing of claim as a condition precedent to recovery. As was pointed out in the Davis case, Barrett v. Van Pelt decided that the second proviso embraces three cases: (1) loss, damage, or injury due to delay; (2) damage while being loaded or unloaded; (3) damage in transit. In view of the decisions in these two cases (which we note in justice to the learned judge of the court below were decided after this appeal was taken) it is settled that Congress did not provide by the second proviso of the Cummins Amendment that in a case of negligence no notice or filing of claim shall be required by a common carrier as a condition precedent to recovery. In the Davis case there was a negligent mis-delivery of an interstate shipment of a carload of scrap iron after it reached the point of destination. The state court held that the damage resulting to the shipper, due to the mis-delivery, occurred while the shipment was "in transit" within

the meaning of the second proviso, and that the provision of the bill of lading requiring claim to be made was invalid. The Supreme Court reversed and held, for reasons which need not be repeated here, that the mis-delivery did not fall within any of the three classes embraced in the second proviso; that the language of that proviso is inconsistent with and negatives any intention to include claims for damages on account of mis-delivery; and that there was nothing in the statute to excuse the shipper's failure to make claim within the time specified in the shipping contract.

A failure to make any delivery stands upon no better ground: Georgia, Fla. & Ala. Ry. Co. v. Blish Co., 241 U. S. 195. It would hardly be contended that non-delivery is comprehended by class (1) loss, damage, or injury due to delay, or (2) damage while being loaded or unloaded. With little, if any, more force can it be argued that it is comprehended by class (3) damage in transit. From the reading of the proviso as a whole, it seems very clear that the carrier may require notice of claim or filing of claim as a condition precedent to recovery, unless the loss results from its negligence and is due to (1) delay in transporting the goods; or (2) damage to the goods while being loaded or unloaded; or (3) damage to the goods in transit. Certainly it cannot be contended seriously that the word "damage" in the language of class 2, "damage while being loaded or unloaded," can mean anything but damage to the goods. We think that it is equally clear from a reading of the proviso as a whole that the word "damage" in the phrase "damage in transit" was used in the same sense as in class 2, and means physical injury to the goods. We hold that the making of a claim in accordance with the terms of the shipping receipt was a condition precedent to plaintiff's right of recovery. Having failed

so to file its claim or bring its case within one of the three classes covered by the proviso of the Cummins Amendment or the exception contained in the contract of shipment, its recovery is barred.

The judgment is reversed and here entered for defendant.