A. SAMUEL RADOVSKY & another *vs*. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Bristol.   October 25, 1926. — December 11, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Carrier*, Of goods.   *Negligence*, Railroad, Proximate cause.   *Joint Tort-feasors.*

Goods were delivered at Fall River to a railroad, then under the control of the Director General of Railroads, on January 24, 1920, for shipment to Montreal in the Dominion of Canada. They arrived at Framingham on January 31. Federal control of the railroad ceased on March 1 and the goods then came into the possession of the New York, New Haven and Hartford Railroad Company, which kept them at Framingham until March 17. They were delivered to a connecting carrier at Lowell the next day. The shipment arrived at Montreal on March 29. The weather conditions were not unusual. The consignee brought an action of contract against the New York, New Haven and Hartford Railroad Company for damages resulting from the delay. *Held*, that
   (1) There was evidence warranting a finding that the delay from March 1 to March 18 was unreasonable and that it resulted from carelessness and negligence of the defendant;
   (2) The plaintiff's claim being founded on carelessness and negligence of the defendant, he was not required to comply with the requirement of a bill of lading issued to him, that he should file a claim within six months after delivery of property except "where the loss, damage, or injury complained of is due to . . . carelessness or negligence";

(3) To a request by the defendant for an instruction: "If any pre-existing negligence of the United States Railroad Administration was the sole cause, or the proximate cause of any delay, then the defendant is not liable," it was proper for the judge to add the qualification, "except in the manner in which I heretofore stated, that if the defendant's negligence contributed in whole or in part to the delay, it would be liable," where it appeared that the judge previously had instructed the jury that the defendant in no way was responsible for anything that took place previous to March 1, and that, if the delay was caused in part by the negligence of the Federal government up to March 1, and in part by the negligence of the defendant, then the defendant would be liable on the principle that if two concur in producing a wrong either may be said to have contributed in whole or in part to the tort.

CONTRACT OR TORT for damages alleged to have resulted from delay by the defendant in shipping goods consigned to the plaintiffs. A substitute declaration was in contract. Writ dated January 12, 1921.

In the Superior Court, the action was tried before *Dubuque*, J. Material evidence, requests by the defendant for rulings, and rulings by the judge are described in the opinion. There was a finding for the plaintiffs in the sum of $822.66. The defendant alleged exceptions.

*A. W. Blackman*, for the defendant.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the plaintiffs.

CARROLL, J. This is an action to recover damages for negligent delay in transporting a carload of figs from Fall River to Montreal. The figs were delivered to the New Haven railroad at Fall River, on January 24, 1920, and arrived at Framingham January 31, 1920; the shipment left Framingham on March 17, and the next day was delivered to the Boston and Maine Railroad at Lowell. Federal control of carriers ceased March 1, 1920. The car was in possession of the defendant from March 1, to March 18, 1920. Lowell is distant thirty-seven miles from Framingham. The shipment arrived at Montreal on March 29, having been delayed for six days at the international boundary. The plaintiff's claim was for the loss of market. There was a verdict for the plaintiff.

The first contention of the defendant is that the plaintiff

cannot recover because no claim was made in writing as required by the bill of lading; "or because in the absence of such claim in writing there is no evidence of negligence." The bill of lading contained the condition, "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property (or in case of export traffic, within nine months after delivery at port of export) . . ." Assuming that no claim in writing as required by the bill of lading was given to the defendant, the plaintiff could recover if there was evidence for the jury that damages in transit resulted from the carelessness or negligence of the defendant. Even if no notice of claim for loss was given, when loss, damage or injury to a shipment occurs by reason of the negligence of the carrier, a notice of claim for loss or injury is not required as a condition precedent to recovery. *Barrett* v. *Van Pelt*, 268 U. S. 85, 91.

The defendant received the shipment from the United States Railroad Administration on March 1, 1920, at Framingham. The shipment remained in the defendant's control at this point until March 17; it was then moved to Lowell and delivered to the Boston and Maine Railroad. There was evidence that from March 1, 1920, to March 18, the weather conditions were not unusual, and the jury could have found that the defendant was negligent in permitting the plaintiffs' property to remain in Framingham for seventeen days without moving it to the connecting carrier. The judge instructed the jury that, if the plaintiffs' injury was due to weather conditions which could not be overcome by due diligence, there would be a justification for the delay; that the defendant was not liable for unusual or extraordinary emergencies, and was only required to use reasonable diligence "for the ordinarily normal conditions." The defendant cannot complain of this instruction. See *Bernier* v. *Pittsfield Coal Gas Co.* 257 Mass. 188. A delay of eighteen days before delivering to the Boston and Maine Railroad,

under the facts shown, might have been found to have constituted an unreasonable delay.   In *Barrett* v. *Van Pelt, supra,* the carload of eggs was delivered to the Adams Express Company at Louisville on February 23 and delivered by it to the consignee at New York on March 4.   The car was taken out of Louisville on February 23, on a train of the Pennsylvania Railroad Company, and should have gone to Pittsburg without transfer, but there was no further evidence of the movement of the car, and there was no evidence showing the usual movement of trains carrying such shipments.   In the case at bar the car was kept in Framingham for seventeen.days when the weather conditions were not unusual.   A jury could have found that under all the circumstances there was no legal excuse for this delay.

The jury were instructed that the defendant was in no way responsible for anything which took place prior to March 1, 1920, and was not responsible for any damage after the delivery of the car to the Boston and Maine Railroad. They were also instructed that, if the delay was caused in part by the negligence of the Federal government up to March 1, and in part to the negligence of the defendant, then the defendant would be liable on the principle that if two concur in producing a wrong either may be said to have contributed in whole or in part to the tort; "not that the defendant would be liable for the delay caused by the Federal government, but because — if you are satisfied of that — because you would be satisfied that the defendant was in part responsible for the delay for a portion of the time from March first or any portion of the time from March first to March seventeenth."   The defendant asked for this instruction:. "If any preëxisting negligence of the United States Railroad Administration was the sole cause, or the proximate cause of any delay, then the defendant is not liable."   This request was given with the qualification, "Except in the manner in which I heretofore stated, that if the defendant's negligence contributed in whole or in part to the delay, it would be liable."   There was no error in adding the qualification to the request.   If the damages were the result of the neglect of the United States Railroad

Administration the defendant was not liable and the jury were correctly instructed on this point. See *Sheridan* v. *Boston & Albany Railroad*, 253 Mass. 446, 449.

The defendant, however, was liable for its own carelessness, and the jury could have found that the defendant was negligent in failing to move the car; that this neglect was the proximate cause of the damage. See *Fox* v. *Boston & Maine Railroad*, 148 Mass. 220; *Denny* v. *New York Central Railroad*, 13 Gray, 481. The jury must have understood that the defendant was responsible solely for its own neglect and was not to be held for any neglect of the United States Railroad Administration. We find nothing in *Nutting* v. *Connecticut River Railroad*, 1 Gray, 502, *Darling* v. *Boston & Worcester Railroad*, 11 Allen, 295, *Burroughs* v. *Norwich & Worcester Railroad*, 100 Mass. 26, and *Nominsky* v. *New York, New Haven & Hartford Railroad*, 239 Mass. 254, to the contrary.

There was no error in the instructions given the jury in reference to the question of the defendant's neglect in failing to provide suitable equipment. The question, whether the defendant failed in this respect, was one of fact, and the jury were correctly instructed on this point.

o                                              *Exceptions overruled.*