Robbins, J.
This is an action of contract against an ex-pressman for failure to deliver as agreed a bundle of coats transported for the plaintiff from Worcester to Boston. *36 The answer is a general denial and an allegation that the contract for delivery was in the usual terms.
The trial court found that on May 11, 1939, the plaintiff delivered the bundle to the defendant’s agent in Worcester for shipment to Boston where the agent agreed it should be delivered on May 12th. It was not so delivered and the consignee notified the plaintiff and cancelled his order for the goods, which were seasonal. The defendant tried to deliver the bundle on May 15th but the consignee refused to accept it. On May 18th the plaintiff notified tho defendant to return the goods immediately but the bundle was not returned till May 24th, when the plaintiff refused to accept it. He did accept it, however, on June 2nd. The court found for the plaintiff in the amount of fifty dollars.
The defendant seasonably filed several requests for rulings of which the court denied the following:
“1. Upon all the evidence the court should rule in favor of the defendant.
“7. The defendant company is not liable for special damage when on receiving property of the plaintiff it had no notice or knowledge of the contracts of the sale relied on and the profits which might have resulted there from to the plaintiff.”
There were no rulings requested by the plaintiff.
The report states that the defendant claims “to be aggrieved by the rulings and refusals to rule as requested,” but as the court made no rulings except those requested by the defendant, we consider only the court’s refusal to give the first and seventh requests for rulings.
The defendant argued against the admissibility of an unsigned letter offered by the plaintiff and received for identification purposes only. There is nothing in the report to show any further ruling on the admissibility of this letter, nor is there anything to show that the defendant claimed *37 any report in relation to it. The question is not now open to the defendant.
As to the first request, it is sufficient to say that it does not comply with Buie XXVII in failing to specify the grounds upon which the request is based.
As to the seventh request to the effect that the defendant is not liable for special damages when on receiving the property it had no notice of the contracts of sale relied on and the profits which might have resulted therefrom, it is important to examine the findings made by the trial court. There is a specific finding that the defendant agreed to deliver the bundle on May 12th, and there are further findings that the defendant’s unexcused failure to deliver the bundle on that day caused the plaintiff damage, that the defendant delayed an unreasonable time to return the goods, and that as a result the market value of the merchandise was reduced by $50. It is, therefore, plain that the trial court assessed damages based upon the diminution in the market value of the goods between the time when they ought to have been delivered and the time when they were in fact offered back to the plaintiff. This was the correct measure of damages in this case. Fox v. Boston & Maine R. R., 148 Mass. 220, 221. Radovsky v. N. Y., N. H. & H. R. R, 258 Mass. 26, 30. Such damages were the direct and natural result of the defendant’s delay, and in order to show such damages no allegation of special damage was necessary. The general averment of damage was enough.
It does not appear from the report that any prospective profits were put in evidence, and the findings show that the court did not consider such profits in assessing the damages.
The point is that even if the seventh request sets forth a correct statement of the law of damages, the trial court’s refusal to grant the request did the defendant no harm, because the damages were assessed by the correct standard.
*38 ■ The defendant cites the case of Scott v. Boston & New Orleans Steamship Co., 106 Mass. 468, as authority against the decision in this case. In that case, however, the carrier made no agreement as to. time of delivery of the cotton which was shipped, while in the case at bar there is a finding the defendant agreed to deliver on a specific date. The decision in the Scott case sets forth the same rule of damages applied by the trial court in the ease at bar.
The report must be dismissed.