MAX OKIN *vs.* MILDRED F. SULLIVAN.

Worcester.    September 24, 1940. — November 1, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Appellate Division: request for report, report, appeal; Requests, rulings and instructions. *Damages,* For breach of contract.

Mere objection to a ruling by a judge of a District Court as to evidence, without a claim of a report on the question at the time of the ruling, was insufficient to bring the ruling to the Appellate Division.

Under Rule 27 of the District Courts (1932), a request to a judge, unaccompanied by any specification, that "upon all the evidence" he "should rule in favor of the defendant," presented no question to the Appellate Division.

It was not open to the defendant in an action in a District Court to contend before this court that certain rulings made by the judge precluded

him from finding for the plaintiff, where such question was not reported to the Appellate Division.

Certain damages, based on diminution in value, awarded a shipper of seasonal goods against a common carrier for failure to deliver seasonably to the consignee and, on the consignee's refusal of the goods, to return them seasonably to the shipper, were not "special" damages.

CONTRACT. Writ in the Central District Court of Worcester dated June 23, 1939.

The case was heard by *Mahoney,* J.

*E. Sullivan,* for the defendant.

No argument nor brief for the plaintiff.

RONAN, J. This is an action of contract to recover damages for the failure of the defendant, a common carrier, to deliver a bundle containing twenty-one coats to the plaintiff's consignee by a certain date, and for unreasonable delay in returning the goods to the plaintiff. There was evidence that these were seasonal goods, upon which the plaintiff placed a value of $75 when they were left with the defendant for shipment, and that after the goods were refused by the consignee, the plaintiff "shopped around and sold them for $25." The judge found for the plaintiff in the sum of $50. The defendant appealed from a decision of the Appellate Division dismissing the report.

We cannot review the ruling of the trial judge upon the admission of evidence. Objection to evidence without claiming a report at the time the ruling is made is insufficient to bring the ruling to an appellate court. Rule 27 of District Courts (1932) as amended. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 454, 455. The first request, that the judge "upon all the evidence . . . should rule in favor of the defendant," was not accompanied by any specifications and there was no error committed by the trial judge or the Appellate Division in refusing to consider this request. Rule 27 of District Courts (1932) as amended. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 95. The present contention of the defendant, that the granting by the trial judge of certain requests precluded him from finding for the plaintiff, is not open upon the record. *Burns* v. *Winchell,* 305 Mass. 276, 282. Only questions of law

reported by the trial judge to the Appellate Division and questions of law arising from the action thereon of the Appellate Division are brought here by appeal. *MacDonald* v. *Adamian*, 294 Mass. 187.

The judge refused to grant the defendant's seventh request, to the effect that the defendant could not be held liable for special damages in the absence of any notice of arrangements between the plaintiff and his consignee concerning the sale of the goods. We construe the words "special damage" in this request as meaning damages of a peculiar or unusual nature not to be anticipated by a carrier accepting goods for transportation. There is no evidence that the defendant had such notice. *Harvey* v. *Connecticut & Passumpsic Rivers Railroad*, 124 Mass. 421. *Swift River Co.* v. *Fitchburg Railroad*, 169 Mass. 326. But there was no error as no special damages in the sense just mentioned were assessed. The judge found that the defendant did not deliver the goods at the date she agreed to when she accepted the shipment; that the consignee then cancelled the order; that the defendant unreasonably delayed to return the goods to the plaintiff after she had been requested to do so; and that in the meantime there was a diminution of $50 in the market value of the goods. Such diminution in value was the correct measure of damages. *Cutting* v. *Grand Trunk Railway*, 13 Allen, 381. *Scott* v. *Boston & New Orleans Steamship Co.* 106 Mass. 468. *Fox* v. *Boston & Maine Railroad*, 148 Mass. 220. *Radovsky* v. *New York, New Haven & Hartford Railroad*, 258 Mass. 26.

*Order dismissing report affirmed.*