In re petition to establish report.
Zottoli, J.
It is apparent from the record in this case that the plaintiff’s petition must be denied. This is so, *208 quite apart from, considerations as to whether its draft report was inadequate or unfair; or lacked proper form; or whether its claim of report was properly disallowed by the trial judge because of the failure of the plaintiff to comply with the suggestions of the trial judge relating thereto. We do not pass on such questions because it clearly appears there are other legal barriers across the path of plaintiff’s objective which prevent the allowance of its petition. . But, while we do not pass on the considerations above stated, it may be useful to point out in passing “that the procedure by petition is strictissimi juris.” John Henry Co., Petitioner, 222 Mass. 182, 183.
All necessary requirements must be observed. The petitioner must show that the draft report filed in such a draft report which the trial judge ought to have signed. Freedman, Petitioner, 222 Mass. 179. Although the rules of court require preparation of a draft report by the party claiming the right, nevertheless it is a report of the presiding judge. He has a right to insert in it what he deems material to a full and true statement of the points of law involved. The judge not only has the authority to settle the report as justice requires, but also the duty to see that it conforms to what he believes to be the truth. Failure of a party to carry out the court’s order to that end is ground for dismissal. Kelly v. Foley, 284 Mass. 503, 509. In view of these strict requirements it is at least doubtful if the draft report filed in this case complies with the formal requirements of a draft report; but, since it is not necessary to decide this issue, we leave it without decision and pass on to well settled fundamental reasons which compel denial of the plaintiff’s petition.
It appears from the record that at the close of the trial on June 21, 1945, the plaintiff duly filed eight requests for rulings; that the court granted all of these requests; made *209 certain subsidiary findings of fact; and found generally for the defendant. From an inspection of the docket entries and the papers on file in the case, of which we take judicial notice; cf. Kolda v. National-Ben Franklin Fire Ins. Co., 290 Mass. 182 it appears that on June 22,1945, the plaintiff filed a motion for new trial, alleging as reasons therefor that the finding was “against the evidence,” — “against the weight of the evidence” — “and against the law.” On June 26, 1945, the plaintiff filed a motion alleging, in substance, that there was “an incompatibility between the plaintiff’s requests allowed by the court and the general findings for the defendant.” It further appears from the docket entries that on June 26, 1945 the plaintiff filed the draft report in question. On August 9, 1945 the plaintiff waived its motion for new trial and on the same day the plaintiff’s motion to correct the general finding was denied by the trial judge, and the plaintiff’s claim of report disallowed. On August 14,1945 the plaintiff filed its petition to establish the draft report. It appears from the record that the trial judge in disallowing the plaintiff’s claim of report did not file a certificate setting forth his reasons for so doing.
The petition, at least inferentially, sets out that the plaintiff is aggrieved because the trial judge “in disallowing the claim of report did not file a certificate setting forth his reasons for so doing. ’ ’
The plaintiff’s draft report does not set out this alleged grievance, therefore, the question would not be open even if the draft report were established. Baker v. Davis, 299 Mass. 345, 348, and cases cited. The plaintiff’s attorney, in his argument before this division contended that the report should be established because there is an inconsistency between the rulings granted by the trial judge and his special and general findings. The draft report which the petitioner seeks to establish sets out the plaintiff’s alleged grievances in the following manner, — ‘ ‘ The plaintiff claim *210 ing to be aggrieved that the conditional vendor was not damaged and that the negligence of the conditional vendee barred the. conditional vendor from recovery, I hereby report the same to the Appellate Division for determination. ’ ’ It is obvious from an inspection of the record and the plaintiff’s draft report that the contention relating to inconsistency was not properly raised in the draft report and therefore would not be reviewable even if the plaintiff’s draft report were established. Okin v. Sullivan, 307 Mass. 227, 228. Langdoc v. Gevaert Co., of America, Inc., 315 Mass. 8, 12 The force of the above observation becomes clearer from the fact that the docket entries show the draft report was filed on June 26, 1945, while the denial of the plaintiff’s motion “to correct the general finding” because of alleged inconsistencies was not filed until August 9, 1945; and that no rights appear to have been saved by the plaintiff to that denial. Calcagno v. P. H. Graham & Sons Co. Inc., 313 Mass. 364, 367.
It is also clear from an inspection of the draft report that the alleged grievances which the plaintiff seeks reviewed relate to matters which are not reviewable under our law. The record shows that the court granted all of the plaintiff’s requests for rulings. It also appears that no review of the court’s action on these rulings was sought; but, even if such a review was requested, it is well settled that requests granted are not reviewable at the instance of the party submitting them. DiLorenzo v. Atlantic National Bank of Boston, 278, Mass. 321. Baker v. Davis, 299 Mass. 345, 348. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317.
It appears from the draft report attached to the plaintiff’s petition to establish it that the court, after allowing the plaintiff’s requests, stated it did “not find conditional vendor was damaged”; found that “the bailed car was re *211 paired by the bailee”; and that “drivers of both cars were negligent.” The plaintiff evidently contends that from these findings it appears that the court impliedly ruled that the plaintiff could not recover because of the facts found relating to damage and contributory negligence of the drivers of the ears in question.
It is not necessary to pass on the question as to whether the court made any such implied rulings because, even if it could be so found, it is well settled that under our practice implied rulings are not reviewable. Baker v. Davis, supra. Furthermore, the plaintiff’s alleged grievance based on the court’s findings, above referred to, is also not reviewable. It has long been established that findings are not reviewable under our practice unless turned into a question of law. Burns v. Winchell, 305 Mass. 276, 282. Okin v. Sullivan, supra. Scaccia v. Boston Elevated Ry., 308 Mass. 310. Codman v. Beane, 312 Mass. 570, 573. And this is so even if the court reported such findings. Baker v. Davis, supra.
It follows from the above observations that there would be nothing reviewable presented by the plaintiff’s draft report even if it were established. The order therefore is Petition denied.