Arthur H. Van Pelt, Respondent, *v.* William M. Barrett, as President of the Adams Express Company, Appellant.

First Department, May 4, 1923.

Carriers — action to recover damages caused by delay in interstate transportation — failure to file notice of claim with carrier in compliance with provision of express receipt is not defense — said provision is invalid under First Cummins Amendment to Interstate Commerce Act — depositions — motion to suppress deposition taken without State should not be made at trial but should be made at Special Term before trial — refusal of trial court to suppress deposition was proper.

In an action against a carrier to recover damages caused by delay in the interstate transportation of a carload of eggs, a defense that the plaintiff had not complied with a provision in the express receipt that a notice of claim must be filed with the carrier within a stated time is insufficient, since the cause of action arose after the enactment of the First Cummins Amendment to the Interstate Commerce Act and said provision is prohibited by that amendment and has no force or effect.

The motion by the defendant to suppress the deposition of a witness which was taken out of the State was improperly made at the trial, under rule 133 of the Rules of Civil Practice, since there was a sharp conflict between the attorneys as to the facts; the motion should have been made at Special Term upon affidavits setting forth the facts.

Moreover, the motion was properly denied on the merits because it was not shown that the attorneys for the plaintiff had practiced any fraud or were guilty of unfair or overreaching conduct in respect to the taking of the deposition.

Appeal by the defendant, William M. Barrett, as president, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of July, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 29th day of June, 1922, denying defendant's motion for a new trial made upon the minutes.

*Stockton & Stockton* [*Kenneth E. Stockton* of counsel], for the appellant.

*Lamar Hardy* [*Louis C. White* of counsel], for the respondent.

PAGE, J.:

The action was to recover damages occasioned by the delay in transportation of a carload of eggs from Louisville, Ky., to New York city. The eggs were delivered to the defendant at Louisville, February 23, 1918, and were not received and delivered to the consignee in the city of New York until March 4, 1918. The plaintiff established a sufficient *prima facie* case.

The sole defense relied upon by the defendant, and upon which evidence was offered, was that no claim was filed with the defendant within four months after the delivery of the property to the consignee, as required by the express receipt. Provisions in shipping contracts, limiting the time within which actions must be commenced and providing that carriers should not be liable for damages unless a claim was presented within a specified time, have been repeatedly upheld by the United States Supreme Court. Some of these cases are cited by the appellant. In all such cases the shipments were made prior to the enactment of the First Cummins Amendment to the Interstate Commerce Act (38 U. S. Stat. at Large, 1196, 1197, chap. 176, amdg. 24 id. 386, § 20, as amd. by 34 id. 593, 595, § 7), which was approved on March 4, 1915, to take effect ninety days thereafter, and which, among other things,

"*Provided, further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

This court has directly passed upon a similar contention to that advanced by appellant, where the shipment was made after the adoption of the First Cummins Amendment. We said: " It will be noted that both the Cummins Amendment and the bill of lading provision make a double classification of claims, to wit (1) those for loss due to delay or damage while being loaded or unloaded, or damaged in transit, which we will call transit claims; and (2) those for loss otherwise sustained, which we will call non-transit claims. The Cummins Amendment permitted the carrier to require as a condition precedent to recovery the filing of a non-transit claim within four months, and in such cases to require suit to be instituted within two years. In the case of transit claims it forbade the carrier to require the filing of a claim as a condition precedent to recovery

but authorized a requirement that suit be instituted within two years." (*Bell* v. *N. Y. C. R. R. Co.*, 187 App. Div. 564, 566.)

The requirement in the express receipt for a notice of claim to be filed, being prohibited by law, has no force nor effect. The alleged defense was, therefore, insufficient.

The appellant also presents as reversible error the denial by the court upon the trial of its motion to suppress a deposition of a witness, which had been taken in Louisville. The deposition was taken pursuant to a notice of eight days served on the defendant's attorneys. There was some negotiation by the defendant's attorneys to secure an adjournment. The attorneys for the respective parties entirely disagree in their statements as to what occurred. This much, however, is clear, that three days before the time of the taking of the deposition the defendant's attorneys asked the plaintiff's attorney to consent to an adjournment to May sixth. The plaintiff's attorney replied that he was afraid that the application was too late, as the witness was to come from Springfield, Mo., and the attorney to conduct the examination was to go from Chicago, but he would try and arrange the matter by telegraph. He thereupon telegraphed his correspondent in Chicago, and received word that the witness had already started for Louisville. The defendant's attorneys were so informed and that it would be impossible to adjourn the taking of the testimony. Instead of one of defendant's attorneys attending at Louisville, they wrote to an attorney in Louisville requesting him to appear before the commissioner and apply for an adjournment. Such application was made and denied. The deposition of the witness was taken without cross-examination by the defendant, and was returned more than ten days before the trial. The defendant then moved that the witness be directed to return to Louisville for cross-examination. The learned justice at Special Term denied the motion and stated that the proper practice was to move to suppress the deposition, under rule 133 of the Rules of Civil Practice. Instead of making this motion at Special Term upon affidavits setting forth the facts, the defendant's attorneys served a notice that they would so move at the trial. At the opening of the trial the court heard the statements of the counsel, and discovered that there was a decided conflict in their statements, and ruled that the motion should have been made at Special Term on affidavits setting forth the facts, which then could have been met by opposing affidavits. The only way that he could dispose of the matter at that time was to adjourn the trial to enable the parties to produce witnesses and take their examination, which would be imposing upon the trial court the duty of trying a collateral issue.

In my opinion, while the rule is silent as to the place where the motion should be made, the rule laid down in *Newton* v. *Porter* (69 N. Y. 133) should apply, *i. e.*, where the party had knowledge of the facts upon which he sought to suppress the deposition for a sufficient time to enable him to have made the motion at Special Term, the motion should have been there made; and if not so made, it would be deemed to have been waived, and could not be made upon the trial. As pointed out by the court in that opinion, if the objection was raised by motion at Special Term and the motion granted, the party taking the deposition would have an opportunity to take a new deposition, whereas, if the motion was made upon the trial, he was deprived of that privilege. In my opinion, however, the motion was properly denied, because it was not shown that the attorneys had practiced any fraud or unfair or overreaching conduct in respect to the taking of the deposition. One of the attorneys for the defendant had to be in Louisville on the sixth of May to attend to some other matter, and desired, for his convenience, that the matter should be adjourned until that date. When he was notified that the matter would not be adjourned, he did not apply to the court for a modification of the notice, changing the date of the hearing, nor did he attend upon the taking of the deposition.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment and order affirmed, with costs.