JOHN I. SAPINKOPF, Plaintiff, *v.* CUNARD STEAMSHIP COMPANY, LIMITED, and Others, Defendants.*

Supreme Court, New York County, July 6, 1928.

————— —————, for the plaintiff.

————— —————, for the defendant.

HAMMER, J. This is a motion by the defendant, the Cunard Steamship Company, Limited, for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice. The amended answer of the steamship company was served on April 21, 1928, and the reply of the plaintiff pursuant to order on May 31, 1928.

* Revd., 226 App. Div. 504.

The action is brought to recover $10,000 for failure of delivery of 10,000 squirrel skins, which it is alleged were delivered to defendant steamship company on or about July 15, 1925, at Southampton, Eng. The goods aboard the steamship *Aquitania* arrived in New York July 24, 1925, and, the complaint alleges, on order of the plaintiff were taken by the defendant P. H. Keahon, Inc., from the steamship company on July 28, 1925, and, after passing through the hands of the other defendants named, the packages were delivered to the plaintiff on or about August 3, 1925, and upon examination it was found that the skins had been abstracted therefrom. The plaintiff alleges that it has joined all the defendants, for the reason that it does not know which of them is liable.

In the third separate defense contained in the answer the defendant steamship company sets forth a clause from the bill of lading as follows: " In any event the carrier and the ship shall be discharged from all liability of respect of loss or damage unless suit is brought within one year after the delivery of the goods or the date when the goods should have been delivered." The plaintiff in his reply admits the issuance of the bill of lading, and that it contained a clause " similar " to the one set forth in the third separate defense of the amended answer. The answer also alleged that the bill of lading contained a clause that " this bill of lading is and shall have effect subject to (a) the terms and provisions of the Carriage of Goods by Sea Act of 1924; " and in its fifth separate defense the steamship company alleges that said act contained a clause identical with the foregoing clause of limitation.

As to this allegation the plaintiff in his reply denies any knowledge or information sufficient to form a belief. The plaintiff in his reply as to both limitations alleges that, in the event that it appears upon the trial that the goods were lost and abstracted from the cases while they were in the possession of the defendant steamship company, after they were discharged from the vessel and before delivery by it, and while as a warehouseman, and not as a carrier, within the alleged limitations, they are not available to the defendant as such warehouseman, and are not binding upon the plaintiff.

It appears clear to me, from the allegations of the complaint and such clauses of the bill of lading as are concededly admitted by plaintiff, that until the packages were taken into the possession of P. H. Keahon, Inc., on the order of the plaintiff they were in transitu, and until then were in the possession of the defendant steamship company as a common carrier, and not as a warehouseman. It has been repeatedly held that a common carrier may

lawfully make a contract limiting the right of action against it, if the time specified is a reasonable one. In *Missouri, K. & T. R. Co.* v. *Harriman* (227 U. S. 657) the Supreme Court of the United States, reversing a decision reached in the State court, held a ninety-day stipulation of limitation valid. LURTON, J., in the opinion of the court, said: "The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. *Riddlesbarger* v. *Hartford [Fire] Insurance Co.*, 7 Wall. 386. A stipulation that an express company should not be held liable unless claim was made within ninety days after a loss was held good in *Express Company* v. *Caldwell*, 21 Wall. 264. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: *Central Vermont Railroad* v. *Soper* (1st C. C. A.) 59 Fed. Rep. 879; *Ginn* v. *Ogdensburg Transit Co.* (7th C. C. A.) 85 Fed. Rep. 985; *Cox* v. *Central Vermont Railroad*, 170 Massachusetts, 129; *North British &c. Insurance Co.* v. *Central Vermont Railroad*, 9 App. Div. (N. Y.) 4, aff'd 158 N. Y. 726. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. *McCarty* v. *Gulf &c. Ry.*, 79 Texas, 33; *Thompson* v. *Chicago &c. Ry.*, 22 Mo. App. 321. See cases to same effect cited in.6 Cyc. p. 508. The provision requiring suit to be brought within ninety days is not unreasonable."

Bearing in mind that the shipment was from Southampton, Eng., to the port of New York, and that the contract of shipment was made in England, and that the language of limitation in the bill of lading is taken bodily from the Carriage of Goods by Sea Act of 1924, it would seem that such clause was reasonable for this type of shipment. The Hague Rules of 1921 governing the carriage of goods by sea, in which are stated the principles governing the conduct of shipowners and cargo interests of the whole civilized world, recommended by the Maritime Law Committee and adopted by the International Law Association, contain the following provision in section 6 of article 3: " * * * And in any event the carrier and the ship shall·be discharged from all liability in respect of loss or damage unless suit is brought within twelve.months after the delivery of the goods."

It is apparent from the foregoing that it is the consensus of opinion of a great number of the cargo and shipping interests of the world that such a limitation is reasonable. In *North British & Mercantile Ins. Co.* v. *Central Vermont R. R. Co.* (9 App. Div. 4; affd., 158 N. Y. 726), in which was involved the question of a shipment of grain and corn from Chicago to Boston, and the holding by the railroad company at Ogdensburg under direction of the owner, of the shipment in an elevator awaiting his further order, it was held that a clause that the defendants would not be liable for any loss sustained, " unless written claim for the loss or damage shall be made to the person or party sought to be made liable within thirty days, and the action in which said claim shall be sought to be enforced shall be brought within three months after the said loss or damage occurs," was a reasonable limitation, and in that case PARKER, P. J., in his opinion (at p. 7 of 9 App. Div.) stated: " A common carrier may lawfully make such a contract limiting the right of action against it, if the time specified is a reasonable one. (*Jennings* v. *G. T. R. Co.*, 127 N. Y. 438, 451. See, also, *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *Roach* v. *N. Y. & E. Ins. Co.*, Id. 546; *Mayor of N. Y.* v. *Hamilton F. Ins. Co.*, 39 id. 45.) "

In *Clinckett* v. *Casseres* (205 App. Div. 710), which involved the validity of a six-months limitation of action clause, the opinion of the court (KELBY, J.) stated (at p. 715): " The provisions in the bill of lading providing for the presentation of claim within a certain time, and for the commencement of an action within six months, have been held to be valid limitations upon the carrier's legal liability. As the shipment involved herein was *from* a foreign country to the port of New York, the recent change made by the First Cummins Amendment to the Interstate Commerce Act (38 U. S. Stat. at Large, 1196, 1197, chap. 176 [49 U. S. C. A. § 20], amending 24 id. 386, § 20, as amd. by 34 id. 593, 595, § 7; *Van Pelt* v. *Barrett*, 205 App. Div. 332) does not seem to modify the validity of the limitations contained in this bill of lading."

The Cummins Amendment to the Interstate Commerce Act provided for a two-year limitation. Under the circumstances, it appears to me that the limitation contained in the bill of lading in this case, which was agreed upon by the contract of the parties, is reasonable.

For the foregoing reasons, the motion is granted.