DANIEL W. PECK, Appellant, *v.* ARTHUR J. KLEPFEL, Respondent.

Supreme Court, Erie County, May 19, 1930.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the appellant.

*Zimmerman & Barnsdall* [*Jay T. Barnsdall, Jr.*, of counsel], for the respondent.

NOONAN, J. This is an appeal from a judgment of the City Court of Buffalo in favor of the defendant and against the plaintiff, in an action to recover upon a promissory note, and certain questions of practice, which deserve careful attention, have been raised in relation to the taking and using depositions of witnesses residing outside the State of New York.

The plaintiff sued as indorsee and the defense, so far as material to this opinion, consisted of a general denial. On the application of the plaintiff a commission was issued to take the testimony of J. T. Simmons and Cecelia Martin, witnesses residing in Chicago, Ill. Before the commission was forwarded for execution objection was raised to certain of the proposed interrogatories and the same were settled before the chief judge of the City Court, who disallowed certain of them and signified that action by marking them " out." The commission was then forwarded with the interrogatories, including those so marked, and the same executed by the commissioner. The commissioner, however, in executing the commission, took the answers of the witness Simmons to the interroga-

tories which had been disallowed and returned the answers so taken with the commission.

The commission was issued on July 15, 1927, and appears to have been returned in September of that year. The evidence of the witnesses examined before the commissioner was essential to the plaintiff's cause of action for the purpose of showing the proper indorsement of the note in suit. If there was any such irregularity in the execution of the commission as required its suppression it was incumbent upon the defendant to act promptly and not leave the question to be raised for the first time upon the trial. (18 C. J. 754, § 381; *Newton* v. *Porter*, 69 N. Y. 133; *Hartwig* v. *American Malting Co.*, 74 App. Div. 140.)

The case came on for trial about a year after the return of the commission, and at that time the defendant's attorney objected to the use of the deposition on the ground that the disallowed interrogatories had been answered, and in order to establish the fact called as a witness the chief judge who had ruled upon them. He subsequently moved that the commission be " stricken out."

Plaintiff's counsel expressed himself as not desiring to read the answers to the excluded interrogatories but as desiring to use the depositions in so far as the interrogatories not disallowed were answered. The judge presiding at the trial made no formal order but directed that the trial stop and the case go back on the reserve calendar. The plaintiff's attorney asked the court what disposition would be made of the commission and the court stated that it was going to disregard it. This ruling was wrong because " a general exception to an entire deposition should be overruled if any part of it is admissible." (18 C. J. 761.)

Subsequently, and in November, 1929, the case was again brought on for trial before another judge and the plaintiff again offered to read the depositions. Objection was raised at this time upon the ground that the order for the depositions had been vacated and leave to grant a new commission given and that the commission thereby became a nullity. This objection was sustained, the court stating the ground to be that leave had been given to issue a new commission, to which ruling plaintiff's attorney excepted. Plaintiff's attorney then offered the note in evidence, which was excluded for lack of proof and on the ground also that the note was a part of the commission which had been set aside. This ruling was also erroneous. The making of the note was admitted by the answer and its admissibility was not affected by the deposition, which only sought to prove it was owned by plaintiff. On the record thus made the plaintiff appealed to this court.

By the provisions of the Buffalo City Court Act (Laws of 1909,

chap. 570, as amd.), the Civil Practice Act and the Rules of Civil Practice are made applicable to proceedings in the City Court so far as the same are applicable. There appears to be no special provision with relation to depositions in the City Court practice and rules. Rule 133 of the Rules of Civil Practice provides that if a deposition taken without the State has been improperly or irregularly taken or returned or the attorney for either party has practiced any fraud or unfair or overreaching conduct with respect to such deposition an order for the suppression of the deposition may be made by the court on the application of the party aggrieved after notice to the adverse party. Under this rule it has been held that a motion to suppress a deposition must be made at Special Term on affidavits, and that in the absence of such a motion the right to move to suppress is waived even though notice be given that such a motion would be made at the trial. (*Van Pelt* v. *Barrett*, 205 App. Div. 332.)

In the present case no notice appears to have been given of the defendant's intention to move to suppress the depositions. He appears to have waited until the trial and then sought to effect a suppression of the depositions by simply objecting to their being used in evidence. Justice and the orderly conduct of the trial of litigations require that such practice be discountenanced. If the defendant desired to move to suppress the depositions it was his duty to do so promptly after their return, and the lapse of a year's time and the failure to give notice to the plaintiff's attorney of his intention, and his action in waiting until the cause actually came on for trial, must, under the authorities, be regarded as a waiver of the right to move for a suppression of the depositions. (*Van Pelt* v. *Barrett, supra.*)

It will doubtless be urged that the plaintiff was not injured by the action of the court when the cause first came up for trial because it was open to him to take out a new commission which could have been executed and returned before the case came up for trial again. This seems to have been the view of the court upon the second hearing. It is not, however, borne out by the record. The record shows that on the first hearing the court simply stated that the commission would be disregarded and the cause placed back upon the reserve calendar. No direction appears to have been made with respect to a new commission. If the court had simply sustained the objection to the reading of the depositions the plaintiff could have continued with the trial and then reviewed the action of the court by appeal; but as the court stopped the trial and put the cause back on the reserve calendar this course was not open to the plaintiff, for there was no judgment or final order from which

an appeal might be taken. The plaintiff accordingly took the only course open to him by bringing the cause on again for trial and again attempting to use the depositions.

That the ruling of the court upon the first hearing was error appears from what has been said, inasmuch as it is apparent that the defendant waived the right to move for a suppression of them. (*Van Pelt* v. *Barrett, supra.*) I think, however, that even if the application to suppress had been made in time it would have been error to entirely exclude the depositions. (18 C. J. 761.) There is no support for any claim of fraud or imposition upon the court, but only what appears to have been an inadvertence on the part of the commissioner in taking the answers of the witness Simmons to interrogatories which had been disallowed. The rights of the defendant would have been fully secured by objection to the reading of those answers in evidence and the court should have permitted the reading of the remainder of the depositions, subject to all proper objections. (18 C. J. 761.)

In view of the language of section 55 of the Buffalo City Court Act, which empowers the Supreme Court on appeal to review all questions of fact and of law, I am of the opinion that the error of the trial court upon the first hearing, as well as the action of the trial court upon the second hearing, is subject to review on this appeal, and that the interests of justice require that the judgment be reversed, with costs, and a new trial ordered. Let an order be entered accordingly.