SOUTHERN RAILWAY CO. *v.* BACON.*

(*Knoxville.* September Term, 1913.)

1. **CARRIERS.** Carriage of live stock. Limitation of liability. Notice of claim.

A clause in a contract for the shipment of live stock, which required notice in writing of a claim for damages for loss or injury to live stock before its removal or intermingling with other stock, does not apply to a claim for animals which died during the shipment, since notice of such loss is not required to enable a carrier to protect itself from fraudulent claims, and its agent must have known that the animals were dead, so that he could have made an immediate investigation. (*Post,* pp. 170, 171.)

Cases cited and approved: Kansas, etc., R. Co. v. Ayers, 63 Ark., 331; Missouri, K. & T. Ry. Co. v. Frogley, 75 Kan., 440; L. & N. R. Co. v. Warfield & Lee, 6 Ga. App., 550; Patterson v. K. & T. Ry. Co., 24 Okla., 747; Pierson v. Northern Pac. Ry., 61 Wash., 450.

2. **CONTRACTS.** Construction. Extrinsic circumstances.

A contract must be construed with reference to the situation of the parties, the business to which it relates, and its subject-matter. (*Post, p.* 171.)

---

FROM WASHINGTON.

---

Error to Law Court, Washington County.—DANA HARMON, Judge.

---

*On the question of the removal of live stock from carrier's premises before notice of claim for damages where such notice is given in time for examination, see note in 24 L. R. A. (N. S.), 866.

HARR & BURROW, for plaintiff in error.

DIVINE & GUINN, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit was brought to recover the value of certain live stock shipped under a limited liability contract. When the animals reached the place of destination, Baltimore, five were dead.

The provision of the contract under which the controversy arises was as follows:

"That as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock, whenever such delivery may be made, and such notice shall be so given before said live stock is removed, or is intermingled with other live stock."

It is proven that the animals were each worth more than the value stipulated in the contract. No notice of any claim for damages for the death of these animals was given to the company before they were removed from the car.

The only question presented is whether the condition covers dead animals. The trial court and the court of civil appeals both held that it did not. We are of the opinion that his conclusion was correct. Where animals are injured, and a claim is intended to be made for damages, the carrier should have an opportunity

of inspection fairly equal to that of the shipper, in order to ascertain the nature and extent of the injuries claimed for. After they are removed and intermingled with other animals, it would be practically impossible for the carrier to protect itself from fraudulent or false claims. The reason does not apply to dead animals. There can be no intermingling with other animals, and the agent who makes delivery necessarily has his attention drawn to the dead animals, and can make such inspection as he deems fit at once. Therefore it could not be that the parties intended to cover such a case. Contracts must be construed with reference to the situation and surroundings of the parties, the nature of the business in which they are engaged and to which the contract relates, and also with reference to the subject-matter.

The same result has been reached in other States where the question has arisen. *Kansas, etc., R. Co.* v. *Ayers*, 63 Ark., 331, 38 S. W., 515; *Missouri, K. & T. Ry. Co.* v. *Frogley*, 75 Kan., 440, 89 Pac. 903; *L. & N. R. Co.* v. *Warfield & Lee*, 6 Ga. App., 550, 65 S. E., 308; *Patterson* v. *K. & T. Ry. Co.*, 24 Okla., 747, 104 Pac., 31; *Pierson* v. *Northern Pac. Ry.*, 61 Wash., 450, 112 Pac., 509.

There is no error in the judgment of the court of civil appeals, and it is affirmed.