## JETT & BROOKS *v.* SOUTHERN RY. CO.

## (*Knoxville.*   September Term, 1914.)

1. **JUSTICES OF THE PEACE. Actions. Warrant. Sufficiency.**
A warrant, in an action in justice court, which alleged plaintiff
was damaged by defendant's negligence, recklessness, and care-
lessness as a common carrier in the delay of a shipment
of poultry, will support a recovery for damages caused by
depreciation in the market value of poultry during the delay.
(*Post, pp.* 240, 241.)

Cases cited and approved: Railroad v. Davis, 127 Tenn., 167;
Railroad v. Flood, 122 Tenn., 56.

2. **CARRIERS. Carriage of goods. Damages for delay.**
A carrier is liable for loss on the value of property intrusted
to it for transportation, which results from a decline in the
market price pending the carrier's negligent delay in forward-
ing the consignment to its destination. (*Post, p.* 241.)

Case cited and approved: Wells v. National Life Association, 53
L. R. A., 84.

3. **CARRIERS. Carriage of live stock. Stipulations of fact.**
Unless a consignee of poultry complies with the stipulation in the
bill of lading requiring notice in writing of any claim for loss
or injury before delivery, he cannot recover for the death of
some of the birds and the injury to others occasioned by delay
in transportation, but he may recover damages occasioned by
a depreciation in the market price before delivery. (*Post, pp.*
241-244.)

Cases cited and approved: Railroad v. Stock Co., 123 Tenn., 299;
Railroad v. Bacon, 128 Tenn., 169; Kansas, etc., R. Co. v. Ayers,
63 Ark., 331; Wichita R. Co. v. Koch, 8 Kan. App., 642; Mis-
souri, etc., R. Co. v. Frogley, 75 Kan., 440; Klass Commission
Co. v. Wabash R. Co., 80 Mo. App., 164; Frey v. N. Y. Central.
etc., R. Co., 114 App. Div., 747.

Jett v. Railroad.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—VON A. HUFFAKER, Judge.

G. W. Fox, for Jett & Brooks.

ROSCOE WORD, for Southern Ry. Co.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Jett & Brooks, produce dealers of Knoxville, against the Southern Railway Company, before a justice of the peace, in the language of the warrant, to recover "damages under $500 for negligence, recklessness and carelessness as common carriers in the delay at Macon, Georgia, and other places on line of shipment of a car No. 42584 of poultry from Knoxville, Tennessee, to Jacksonville, Florida, for said Jett & Brooks, November 24, 1911, of over eighteen hours and delay in setting and delivering car at Jacksonville, Florida, of over five hours."

There was a judgment in favor of the plaintiffs by the magistrate, from which the railway company appealed to the circuit court. In that court the motion made by the railway company for peremptory instructions in its favor was sustained. The case was then

taken to the court of civil appeals by plaintiffs below, and the latter court reversed the action of the circuit judge and remanded the case for trial, and the railway company has filed a petition for *certiorari,* which has been granted by this court.

The car in question was loaded at Knoxville and left that point about ten o'clock on the morning of November 24, 1911. This was Saturday. There was evidence that, without unnecessary delays, the car should have reached Jacksonville on the night of the 26th or not later than noon of the 27th of November. It did not reach Jacksonville, however until the morning of the 28th of November, about seven a. m., and it was not so placed in the yards as that it might be unloaded until about five o'clock in the afternoon of the 28th.

It is stated in behalf of the railway company that the greater part of this delay was occasioned by the detention of the car in Atlanta over Sunday, owing to the requirements of a statute of Georgia, which is filed with the record. It is further stated that the delay in setting the car for unloading in Jacksonville was caused by the failure of the shipper to pay the freight charges in Jacksonville promptly. It appears that the man in charge of the car of poultry offered the agent at Jacksonville a check of Jett & Brooks for this freight, with the agent declined to accept. Plaintiffs' proof, however, indicates that money for the freight was procured and tendered the Jacksonville agent as early as eleven a. m. on the morning of the

28th, and likewise tends to show that there was a delay of this car for eleven hours at Macon, Ga., on Monday.

The day that this car reached Jacksonville was Wednesday, November 28th. It appears from the shippers' proof that there was a good market for poultry during the whole of that day; that their agent had arranged to sell the entire car, and could have sold it if he had been able to make delivery any time during business hours on the 28th. The day following, however, was Thanksgiving, and on that day there was little opportunity to transact business, and by Friday there had been a sharp decline in the market price of all poultry.

The items of damage claimed in this suit are for the loss of a number of chickens which died on account of the delay in delivery, and for the depreciation in the value of the remainder of the poultry by reason of the falling market.

It is said for the railway company that the language of the warrant does not sufficiently set out and plead a claim for damages arising from the break in the market. We do not think this contention is well made. In *Railroad* v. *Davis,* 127 Tenn., 167, 154 S. W., 530, and *Railroad* v. *Flood,* 122 Tenn., 56, 113 S. W., 384, the essential feature of a magistrate's warrant is said to be "a brief statement of the cause of action, sufficient to give the defendant reasonable notice of what he is called upon to answer."

This warrant advised the defendant below that it was called upon to respond for damages occasioned by delay in shipment of this poultry. Quite a common element of damages arising from delay in transportation of a shipment like this is the loss of a favorable market. Defendant might well have anticipated that it would be called upon to meet a claim of this character. It is not necessary, as has often been said, for a magistrate's warrant to contain the details or particular averments common in a declaration, and we think the warrant here called in question was good, and under it complainants below were entitled to prove any damage they suffered by reason of the falling market.

Although there have been decisions to the contrary, the prevailing rule is that a carrier is liable for any loss on the value of property intrusted to it for transportation, which results from a decline in the market price, pending the carrier's negligent delay in forwarding the consignment to its destination. Sutherland on Damages, sec. 906; 6 Cyc., 450. See cases collected in note to *Wells* v. *National Life Association*, 53 L. R. A., 84.

The motion for peremptory instructions below was based on a provision of the bill of lading which has been repeatedly considered by this court and other courts as follows:

"That, as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim therefor shall be given

130 Tenn. 16

to the agent of the carrier actually delivering said live stock, wherever such delivery may be made, and such notice shall be so given before said live stock is removed or is intermingled with other live stock."

Similar provisions in carriers' contracts have been frequently upheld by this court and recovery denied to shippers, who removed injured stock and mingled them with other stock without giving notice to the agent of the delivering carrier of the loss or injuries upon which their claims were based. *Railroad* v. *Stock Co.*, 123 Tenn., 299, 130 S. W., 788, and several unreported cases.

In the case at bar, this poultry was removed and sold, and no complaint whatever appears to have been made to the carrier at Jacksonville, and in fact the first notice the carrier had of this claim for damage seems to have been the institution of the suit.

We gather from the record that this car contained poultry in coops, and a man was sent along, who had charge of the car. By the provisions of the bill of lading, it was stipulated that the shipper should load and unload the poultry. The consignment was sold by coops in Jacksonville, and was unloaded by the shipper's agent, and the carrier had no opportunity at Jacksonville to inspect the coops, nor did the carrier have any duties, respecting the unloading, by which the attention of its agent would be called to dead chickens in the coops. Under these circumstances, we think the rule announced in *Railroad* v. *Stock Co.*, supra, is applicable, and that it was incumbent upon

these shippers to have given to the delivering carrier at Jacksonville notice of the dead chickens, as required by the bill of lading, before the coops were sold and removed.

The court of civil appeals was of opinion that *Railroad* v. *Bacon,* 128 Tenn., 169, 159 S. W., 602, controlled this controversy. In *Railroad* v. *Bacon* it was held that the notice required by the foregoing clause in a bill of lading did not apply to a claim for animals which died during the shipment. It was said notice of such loss was not required to enable a carrier to protect itself from fraudulent claims, inasmuch as its agent must have known that the animals were dead, so that he could have made an immediate investigation.

The rule announced in *Railroad* v. *Bacon,* supra, is undoubtedly the correct rule, when the shipment consists of large animals, such as horses, cattle, sheep, and hogs, where the delivering carrier itself is charged with the duty of unloading the cars. The reasoning of *Railroad* v. *Bacon,* however, can have no application to a consignment of chickens in coops, where the shipper removes the coops, and the agent of the delivering carrier has no duties respecting the unloading, nor any occasion to examine the coops. Where poultry is shipped under such circumstances, the stipulation, in the bill of lading, respecting notice is reasonable and must be held to control the rights of the parties.

As to the claim for damages on account of the depreciation in value by reason of the break in the market, the provision in the bill of lading respecting notice

is not applicable. The damages contemplated by this clause of the bill of lading are those resulting to the live stock through injury or loss in transportation. There would be no reason for applying this provision to damages occasioned by a fall in the market. Market fluctuations of well-known commodities are matters of record, and the carrier may make investigations and protect itself at one time as well as another against claims so arising. The authorities are abundant to this effect. *Kansas, etc., R. Co.* v. *Ayers,* 63 Ark., 331, 38 S. W., 515; *Wichita R. Co.* v. *Koch,* 8 Kan. App., 642, 56 Pac., 538; *Missouri, etc., R. Co.* v. *Frogley,* 75 Kan., 440, 89 Pac., 903; *D. Klass Commission Co.* v. *Wabash R. Co.,* 80 Mo. App., 164; *Frey* v. *N. Y. Central, etc., R. Co.,* 114 App. Div., 747, 100 N. Y. Supp., 225.

So we conclude that the court of appeals correctly reversed the judgment of the lower court and remanded the cause for another trial. On the remand of the case, however, in view of the failure of Jett & Brooks to give the required notice to the delivering carrier as to the dead chickens, they can have no recovery on account of this loss. They are, however, entitled to go to the jury on their contention that there was a negligent delay, and that such delay caused them to miss a favorable market and to recover any damages they lawfully establish on this account.

The judgment of the court of civil appeals, reversing and remanding this case, will be affirmed, but a copy of this opinion will go down with the *procedendo* to govern subsequent proceedings.