**Ben STOVALL, Plaintiff-Appellant,**

v.

**Samuel DATTEL and William B. McSwain, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 25, 1981.

Permission to Appeal Denied by Supreme Court June 29, 1981.

James D. Causey, Memphis, for plaintiff-appellant.

Henry H. Hancock, Farris, Hancock, Gilman, Branan, Lanier & Hellen, David Silberberg, Memphis, for defendants-appellees.

## OPINION

BLACKBURN, Special Justice.

This case involves the construction of a financing provision in a contract for the sale of real property.

The matter was heard in the trial court on a stipulation by the parties that the questions at issue could be determined from the written documents which were placed in evidence. Following the statements of counsel the court decided the case in favor of the defendants and the plaintiff has appealed.

All parties herein are real estate agents. As such they were involved in a transaction for the sale of real estate in which Appellees desired to purchase 133 lots from the owners, who are not parties to this litigation. A standard real estate contract was executed by Appellee, William B. McSwain on April 14, 1973 for the purchase of this property and a check for $10,000 as earnest money was delivered to Appellant, as agent for the owner, at the signing of the contract. Ten days later Appellee, Samuel Dattel, joined in as a purchaser with McSwain, and Appellant was then given a promissory note for $11,637.50 being one-half of his anticipated agents commission.

The key provision in the sales contract which is critical to this matter is as follows:

"This contract is conditional upon the purchaser obtaining a commitment for financing within a period of 60 days from date hereon or until such time as the Shelby County Building Department will issue permits to build, whichever is the latest."

On April 24, 1973, Appellees waived the 60 day financing condition in a letter to Appellant.

Appellees then arranged for financing of this transaction and notified Appellant on June 12, 1973 of this fact. Also included in the letter was the statement that the financing commitment was only valid for six months from the date of the letter, and should the lots not be delivered by the seller within that time an extension of the financing would have to be obtained.

On January 2, 1974, Appellee, Samuel Dattel, wrote to Appellant concerning the transaction with the last paragraph being as follows:

"We would appreciate if you would advise the sellers of the contents of this letter, particularly as it regards the fact that we do not have a valid financing commitment at this time and we would appreciate your notifying us of the seller's delivery date so that we may attempt to secure financing."

On February 11, 1974, Appellant wrote the Appellees as follows:

"Please be advised that Mr. Walter Edwards of the Shelby County Building Department has informed me that they are ready to issue building permits in the above captioned subdivision and have been for some time."

On that same day Appellant attempted to cash the $10,000 check he had received as earnest money on April 14, 1973, and was notified that payment thereon had been stopped.

Then on February 21, 1974, Appellee McSwain notified Appellant by certified mail that Appellee did not have a valid financing commitment, and that in accordance with the terms of the contract the failure of the seller to deliver within the time limit of the financing provisions resulted in a failure of the contract.

On September 5, 1975, Appellant brought suit against Appellees in the Chancery Court on the note for $11,637.50 and for the $10,000 earnest money. After issue was joined the case came on for trial and the Chancellor decided the case in favor of the Appellees.

Appellant has utilized 13 pages of his brief to set forth one issue for review. The Appellee apparently deemed this presentation of the issue for review by Appellant to be unsatisfactory, and under Rule 27(b) TRAP has set forth his belief as to what the issue for review should be as follows: "Whether or not there was a waiver of the entire financing condition in the contract of sale which resulted in the contract becoming a straight cash sale without any condition for financing". We agree that Appellee has presented the correct issue for review.

The rule for the construction of contracts applicable herein was succinctly stated by the late Judge Peabody Howard in the case of *Real Estate Management v. Giles*, 41 Tenn.App. 347, 293 S.W.2d 596, "Generally, in construing contracts the Courts not only look to the language of the instrument, but must ascertain, if possible, the intention of the parties, and the construction which is fair and reasonable will prevail. (Citing cases) And where several instruments are made a part of one transaction, they will be read together and each will be construed with reference to the other".

Also we must look to the situation involving the parties, the nature of the business in which they are engaged and the subject matter to which the contract relates. *Southern R. R. v. Bacon*, 128 Tenn. 169 (1913).

All of the parties herein are realtors. None of them owned any of the land involved in the contract. No money changed hands. Everything was on paper. Even the check for "earnest money" was not cashed and when it was presented to the bank some 9 or 10 months after the contract was signed payment thereon had been stopped. This was a speculative real estate project, and it was conditioned on the obtaining of financing. Without financing available to the parties their project could not materialize.

A conditional contract is a contract whose very existence and performance depends upon the happening of some contingency or condition expressly stated therein. *Real Estate Management v. Giles*, supra.

The primary contract and the subsequent letters and instruments which were a part of this transaction were all conditioned on financing being obtained, and nothing therein can be construed to have waived this provision.

It is quite obvious that the validity of this contract depended upon the purchasers having a commitment for financing at the time either of two other provisions occurred. First, was the "sixty days from date here-

on", and Second, was "such time as the Shelby County Building Department will issue permits to build", and then the final words "whichever is the latest".

The letter of April 24, 1973, expressly waived the "sixty days from date hereon" provision, however nothing therein could be construed as changing the requirement for financing so as to make this a cash transaction.

These documents were the only proof offered in this case. From them the Chancellor held there was no waiver of the financing conditions set forth therein and rendered judgment for the Appellees. In our opinion he was correct in this decision.

The judgment is therefore affirmed and the costs are taxed to the Appellant.

NEARN and SUMMERS, JJ., concur.