**PENNYRILE TOURS, INC.**

v.

**COUNTRY INNS, USA, INC.**

**Civ. No. 3–82–386.**

United States District Court, E.D. Tennessee, N.D.

Oct. 13, 1982.

Ronald L. Grimm, Samuel W. Rutherford, Knoxville, Tenn., for plaintiff.

David B. Maxwell, Sevierville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for refund of cash deposits paid for room reservations during the 1982 World's Fair. The Court has listened carefully to each witness who has testified during the trial. The Court has examined each of the exhibits which have been filed and now makes and adopts the following findings of fact and conclusions of law:

In December 1981 the defendant, Country Inns USA, Inc., mailed a brochure to the plaintiff, Pennyrile Tours, Inc., advertising that defendant was accepting reservations at its modern facilities at three locations in Sevier County, Tennessee. (Ex. 1). The brochure was not in any way solicited by the plaintiff.

Subsequent to receipt of the brochure, plaintiff orally contracted for various group room reservations with the defendant by telephone and was required to pay advance deposits totalling $10,720.00. Defendant represented that its facilities would be completed well before May 1982, the opening day of the 1982 World's Fair. At this time there was no discussion between the parties of a cancellation policy. Plaintiff's first reservations were for May 16 and May 17, 1982.

Subsequent to the telephone conversation between the parties, plaintiff received written confirmation of room reservations on the dates requested at each of defendant's three locations. Subsequent to the receipt of confirmation of room reservations, the plaintiff mailed checks at various times which totalled $10,720.00 to the defendant as deposits for room reservations.

The Court is convinced from the testimony of Mr. Rick Etherson that there is an industry-wide custom and standard used in the motel business for a refund of reservation deposits. A refund is made if reservations are cancelled at least 30 days prior to the reserved dates.

On or about March 27, 1982, representatives of plaintiff inspected the facilities advertised by the defendant. The facilities were not near completion as of that date, as the defendant had previously represented they would be. This caused plaintiff's representatives to seriously doubt whether the facilities could be completed by the date of plaintiff's first reservations.

On or about April 16, 1982, plaintiff's representatives returned to Knoxville to again inspect defendant's facilities. The facilities remained far from completion and serious doubts were raised as to whether the facilities would ever be completed. Facility Number 2, set out in defendant's brochure, was, in fact, never built.

Plaintiff's representatives were unable to determine if the uncompleted facilities would meet the standards and qualifications expected and demanded by plaintiff's customers. Because of defendant's representations about the number of facilities and the date of completion, the plaintiff, by letter dated April 18, 1982, cancelled its reservations with the defendant and demanded full refund of all deposits.

By letter dated April 23, 1982, the defendant refused to refund any deposits made by the plaintiff because of company policy. (Ex. 5). Mrs. Miller, representative of plaintiff, testified that she never received the company policy until she cancelled the reservations. She says that the letter of April 23, 1982, was the first knowledge that she had of any cancellation policy contrary to the industry-wide standard. The Court is of the opinion that Mrs. Miller is a truthful person and that although the policy letter may have been sent, it was not received by her.

By letter dated and effective May 14, 1982, the defendant cancelled plaintiff's group reservation for May 16–17, August 12–13, and October 22–25, (Ex. 11), due to non receipt of deposits in the amount of $3,345.00. The plaintiff has not received any refund of the deposits in the amount of $10,720.00 from the defendant.

■ The parties agree that they had a valid oral contract. Defendant promised to provide motel accommodations in exchange for plaintiff's promise to pay for the accommodations. The Court has found that the parties did not discuss the terms for cancellation of the contract and that there was no written provision relating to refunds of deposits. We must therefore look to the intention of the parties for the fair and reasonable construction under the circumstances. *Stovall v. Dattel,* 619 S.W.2d 125, 127 (Tenn.Ct.App.1981), *citing, Real Estate Management v. Giles,* 41 Tenn.App. 347, 293 S.W.2d 596 (1956). "Also we must look to the situation involving the parties, the nature of the business in which they are engaged and the subject matter to which the contract relates." *Stovall,* 619 S.W.2d at 1271; *see also, McKay v. Louisville & N.R. Co.,* 133 Tenn. 590; 182 S.W. 874 (1916). Specific contract terms, not expressly agreed on, may be implied. *Hoskins v. United States,* 299 F.Supp. 1229 (E.D.Tenn. 1969), *aff'd,* 425 F.2d 1301 (6th Cir.1970).

Since the instant contract is not for the sale of goods, this is not a case controlled by the Tennessee version of the Uniform Commercial Code. Tenn.Code Ann., § 47–2–102. *See Fuller v. Orkin Exterminating Co.,* 545 S.W.2d 103 (Tenn.App.1975). We can look to the Code, however, for guidance in the interpretation of the contract. Under the Code, usages of trade may be considered in determining the intentions of the parties. Tenn.Code Ann. § 47–1–205. A usage of trade is defined as:

> any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question.

*Id.*

■ The practice of refunding deposits if reservations are cancelled thirty days prior

to the scheduled arrival date is a regular method of dealing in the tourist business. Exceptions to the usual practice are made known during initial negotiations between the parties. Plaintiff relied on defendant's silence and the customary practice in this case. We have considered the nature of the tour and motel business, the subject matter of the contract, and the dealings of the parties. In the opinion of the Court, plaintiff is entitled to a full refund of its $10,720.00 deposit, pursuant to the implied terms of the contract.

Accordingly, it is ORDERED that judgment be entered in favor of plaintiff in the amount of $10,720.00.

Order Accordingly.