IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2001 Session

## WILLIAM ERNEST HOOD, III v. PATSY SEALS HOOD (BAST)

**Appeal from the Circuit Court for Sequatchie County**
**No. 7292     J. Curtis Smith, Judge**

_____

**No. M2001-00206-COA-R3-CV - Filed October 30, 2001**

_____

The parties executed a marital dissolution agreement pursuant to divorce, which required the wife to transfer her interest in a 36 acre tract of marital property to the husband, and the husband to sell the tract, with the net proceeds to be divided between the parties. The wife subsequently quitclaimed her interest in the property, and the trial court incorporated the marital dissolution agreement into the Final Decree of Divorce by reference. When the wife filed a motion to enforce the agreement, the trial court ruled that any lien on the property the wife had acquired by virtue of the agreement was extinguished when she signed the quitclaim deed. We reverse the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Jennifer Austin Mitchell, Dunlap, Tennessee, for the appellant, Patsy Seals Hood (Bast).

Howard L. Upchurch, Pikeville, Tennessee, for the appellee, William Ernest Hood, III.

**OPINION**

### I. MARITAL DISSOLUTION AGREEMENT AND DIVORCE

William Ernest Hood, III and Patsy Seals Hood agreed that their marriage ought to be dissolved because of irreconcilable differences. The husband accordingly retained an attorney to prepare a Marital Dissolution Agreement (MDA), which set out the terms for the division of marital property. Since the marital estate included both personalty and real property, the MDA included the following provision:

> Each party expressly covenants and agrees to execute or deliver without
> charge to the other any and all deeds, bills of sale, releases, or other instruments

which are, or may become necessary to carry out the terms of this agreement. Should either party refuse to execute and deliver any of said instruments, this Agreement shall serve to transfer that party's interest to the other as fully and effectually as if said instruments were executed.

Another provision of the MDA transferred the marital home and the five acres on which it sat to the wife. An adjoining piece of property was dealt with as follows:

36.79 acres - The parties by agreement hereby apportion, set aside, transfer and confirm to the husband, free and clear of all demands of the wife, except as hereinafter noted, the parties' 36.79 acres of real property, as more fully described by deed of record in Deed Book 98, Page 650, Register's Office, Sequatchie County, Tennessee. The wife's interest in this real property shall, by agreement, be divested out of her and vested solely and exclusively in the husband. Pending the sale of the real property as hereinafter set forth, the husband shall make all installment payments due and owing the Citizens Tri-County Bank for this real property and hold the wife free and harmless therefrom. The husband further hereby agrees to offer for sale and sell the property in form and fashion most advantageous to the parties hereto. The proceeds derived from the sale of the real property shall, by agreement, be divided as follows: first, unto the expenses of sale, including pro-rated property taxes; second, to satisfy the debt and obligation due and owing the Citizens Tri-County Bank; third, an amount representing the capital gains taxes which will be assessed against the husband for the sale of the real property, said amount to be paid by the husband and applied to the capital gains taxes; fourth, to reimburse the husband for investments and improvements made to the real property; and thereafter, the profits after the sale shall be divided between the parties. The parties hereby agree that the wife shall retain a lien in and to the real property to secure payment of her portion of the sale profit.

On May 24, 1999, Mr. Hood filed a complaint for an irreconcilable differences divorce, pursuant to Tenn. Code. Ann. § 36-4-101(11) and 36-4-103, together with the Marital Dissolution Agreement. The complaint recited that no children had been born of the marriage, and asked the court to approve the MDA, and make it part of the final decree by reference.

A quitclaim deed on the 36 acre property was prepared, which Ms. Hood signed on July 9, 1999, without consideration or representation. The deed recited that she was conveying to Mr. Hood all her "right, title and interest in and to the real property." The deed was filed in the Sequatchie County Register's office on July 21, 1999.

On August 4, 1999, the parties amended the MDA. The amended agreement gave the marital home and five acres to the husband instead of the wife. The 36.79 acre property was not mentioned.

Following a hearing on August 23, 1999, the trial court entered a Final Decree of Divorce, which stated that

> "the Marital Dissolution Agreement and Amendment to Marital Dissolution Agreement entered into by and between the parties are fair, just and equitable in all respects and provide for and resolve all matters of dispute between the parties and, therefore, should be ratified, confirmed and approved by the Court."

The two agreements were attached to the Final Decree as exhibits, and the Decree further recited that both agreements "are hereby ratified, confirmed and approved by the Court in all respects, and the provisions thereof are hereby made orders and decrees of this court."

## II. AFTER THE DIVORCE

The Final Decree was recorded in the Sequatchie County Register's Office on February 5, 2000. Mr. Hood subsequently sold a 6.69 acre portion of the disputed property for a sale price of $33,450. As soon as Ms. Hood learned about the sale, she filed a Motion to Enforce the Marital Dissolution Agreement. She stated in her Motion that she had received no profits or accounting from the sale. She also stated that Mr. Hood had failed to sell the remainder of the property as required by the Final Decree and the MDA. She asked the court to order Mr. Hood to furnish her with an accounting of the money received from the 6.69 acre sale, to sell the remainder of the property in accordance with the MDA, and to pay the reasonable attorney fees and costs she incurred in enforcing the MDA.

Mr. Hood responded to the Motion, arguing that the wife's execution of the quitclaim deed had extinguished any interest she had in the property, and that in any event a sale of real property could not be directed by the court through the Motion to Enforce Marital Dissolution Agreement, but only through a separate action in the chancery or circuit courts.

The court was persuaded by these arguments, and in an order entered on October 23, 2000, it held that the quitclaim deed had extinguished the lien given to the wife. The court also held, however, that the wife had the right to enforce the MDA through contempt proceedings, and it ordered Mr. Hood to give her an accounting for any proceeds he received from the partial sale of the property.

Ms. Hood promptly filed a Petition for Contempt to compel the husband to sell the property, and Mr. Hood responded with a Motion to Dismiss the Petition for insufficiency of process, and insufficiency of service of process. This appeal followed.

## III. ARGUMENTS ON APPEAL

We note at the outset that the appellee could have argued that because of the pendency of the contempt motion, there is no final order in this case, and that this court accordingly lacks jurisdiction

to hear it under Rule 3(a), Tenn. R. App. P. However, because it would appear to be in the interest of both parties that we reach a decision in this case, we will exercise our right under Rule 2 to suspend the operation of Rule 3(a), in order to hear and decide it.

The trial court's ruling that Ms. Hood's quitclaim deed extinguished her lien is not a finding of fact, but a conclusion of law. Our review is therefore de novo, with no presumption of the correctness of the trial court's ruling. *See Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993). After examining the course of proceedings in the court below, we have found several good reasons why Ms. Hood's lien should be held to have survived her execution of the quitclaim deed.

A Marital Dissolution Agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings. *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). The cardinal rule for the interpretation of contracts is to ascertain the intention of the parties, and to give effect to that intention consistent with legal principles. *Winfree v. Educators Credit Union,* 900 S.W.2d 285, 289 (Tenn. Ct. App. 1995); *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578 (Tenn. 1975).

In determining the intent of the parties, the court should look to the contract as a whole, and all its terms must be examined, for one clause may modify, limit, or illuminate another. *State ex rel, Commissioner Dept. of Transportation v. Teasley,* 913 S.W.2d 175 (Tenn. Ct. App. 1995). Where several instruments are made part of one transaction, they will be read together, and each will be construed with reference to the other. *Stovall v. Dattel*, 619 S.W.2d 125 (Tenn. Ct. App. 1981); *Realty Shop Inc., v. RR Westiminster Holdings, Inc.*, 7 S.W.3d 581 (Tenn. Ct. App. 1999).

Examining the marital dissolution agreement and the quitclaim deed in light of these principles, there can be no doubt (1) that the parties intended Ms. Hood to surrender any rights to the property that would have prevented Mr. Hood from selling it, and (2) that she was to retain a lien on the property to secure her rights to the proceeds from its sale. The above premises inescapably lead to the conclusion that the execution of the quitclaim deed was an obligation that Ms. Hood assumed as part of the marital dissolution agreement.

It would not only be an odd result for the performance of an obligation under a contract to extinguish one of the contemplated benefits for that performance, but in this case it would thwart the intention that the parties so clearly as expressed in their contract. The appellee suggests that if Ms. Hood wanted to preserve her lien right, she could have asked that express language be included in the quitclaim deed to that effect. In view of the express requirements of the MDA, however, we don't believe such language was necessary to preserve the lien.

Additionally, when a marital dissolution agreement is incorporated into a divorce decree, the agreement loses its contractual nature, and it becomes a judgment of the court. *Gray v. Gray*, 993 S.W.2d 59 at 63 (Tenn. Ct. App. 1998); *Hays v. Hays*, 709 S.W.2d 625 (Tenn. App. 1986). Thus, even if we believed that the quitclaim deed had extinguished Ms. Hood's lien, we would be

compelled to find that the court imposed an identical lien on the property by incorporating the marital dissolution agreement into its final decree.

## IV.

The order of the trial court is reversed. Remand this cause to the Circuit Court of Sequatchie County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee, William Ernest Hood, III.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.